349 P.2d 332

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jose Erminio ROYBAL, Defendant-Appellant.**

No. 6638.

Supreme Court of New Mexico.

Jan. 26, 1960.

Rehearing Denied March 4, 1960.

George A. Graham, Sr., Santa Fe, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., B. J. Baggett, Carl P. Dunifon, Asst. Attys. Gen., for appellee.

COMPTON, Justice.

Appellant was convicted by a jury of Santa Fe County of having unlawfully and feloniously stolen an automobile "tire and equipment" *from an automobile,* the property of one Ulibarri, in violation of § 64–9–4(b), New Mexico Statutes, 1953 Comp., being § 89, Ch. 138, L.1953. The prison sentence provided for a violation of this section is a term of not less than one year nor more than five years.

Following conviction, and before sentence was imposed, appellant was again charged by information with having been once previously convicted of a felony in New Mexico. When brought before the court, he admitted the facts charged in the information. Thereupon, he was sentenced to serve a term in the state penitentiary of not less than two and one-half years nor more than ten years, pursuant to the provisions of § 41–16–1, 1953 Comp., § 1, Ch. 58, L.1929. From the judgment and sentence, he appeals.

418

At the close of the state's case, appellant moved for a dismissal of the charge on the grounds of variance. It was asserted that the proof established larceny of an automobile jack, and that an automobile jack is not "equipment" within the meaning of the act. Again, at the close of the case, he renewed his motion and also moved for a directed verdict on the ground the state had failed to establish the corpus delicti. The denial of these motions is urged as error.

There is no merit to this claim of error. While no one actually saw appellant take the tire and jack from the Ulibarri automobile, the circumstances are strong and convincing. The larceny occurred late at night. Appellant was found about midmorning the following day in an intoxicated condition in an automobile belonging to one Visarriaga. In this car were also found the tire and jack. He was seen going empty-handed in the direction of the Ulibarri automobile and returning from that direction a short time later with the tire and the jack. Ulibarri identified the tire and jack as the same tire and jack which had been taken from his automobile. Appellant's pocket knife was found in the rear seat of the Ulibarri automobile where a cardboard had been cut out in order to remove the tire. It is our conclusion that the evidence presented a jury question and that the court did not err in denying the motions.

The argument that an automobile jack is not "equipment" within the meaning of the act is untenable. As correctly argued, a jack is a "tool"; however, this does not exclude its being "equipment". Webster defines equipment as "material or articles used in equipping." See also Old Colony Ins. Co. v. Kolmer, 78 Ind.App. 479, 136 N.E. 51; Abbott v. Temple, La. App., 73 So.2d 647. Irrespective of what has been said about the jack, the evidence as to the larceny of the tire from the automobile amply warranted the submission of the case to the jury.

It is asserted that appellant was intoxicated to such an extent that he was unable to form the criminal intent to commit the act charged. Admittedly, appellant had been drinking intoxicating liquor to an excess prior to the time the tire and jack were stolen and that he was in a "passed out" condition when found in the Visarriaga automobile the next day, but voluntary intoxication is not a defense to a charge of larceny. State v. Scarborough, 55 N.M. 201, 230 P.2d 235. The question of intent, like other issues of larceny, is for the jury. While intent is essential and must be established in larceny cases, it may be inferred by the jury from the facts and circumstances established at the trial. State v. Heisler, 58 N.M. 446, 272 P.2d 660; State v. Garcia, 46 N.M. 302, 128 P.2d 459; State v. McKinley, 30 N.M. 54, 227 P. 757. We notice that the court fully instructed

the jury with regard to the element of intent. Though the instructions were mere abstract propositions of law, they are not attacked here as being incorrect, nor is it contended they misled the jury. No objection was made to the instructions nor did appellant tender different ones with a request that they be given. Failure to do so is a waiver of the right to object in this court. Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231.

Appellant challenges the constitutionality of the statute under which the charge was brought. It is contended that the title of the act contravenes § 16, Art. IV of the New Mexico Constitution in that it assertedly contains more than one subject. Section 16 of Art. IV reads:

"The subject of every bill shall be clearly expressed in the title, and no bill embracing more than one subject shall be passed except general appropriation bills and bills for the codification or revision of the laws; but if any subject is embraced in any act which is not expressed in its title, only so much of the act as is not expressed shall be void."

The title of the Act, Ch. 138, supra, is as follows:

"An Act Relating to Motor Vehicles and Trailers; Establishing a Division of Motor Vehicles Within the Bureau of Revenue; Defining the Powers and Duties of the Division; and Providing:

"1. For Registration of and Certificates of Title for Vehicles;

"2. For Transfer of Title or Interest in or to Vehicles;

"3. For Filing of Liens or Encumbrances Relating to Vehicles;

"4. For Issuance of Special Plates to Manufacturers, Dealers, and Wreckers of Vehicles;

"5. For Licensing of Dealers and Wreckers of Vehicles;

"6. Anti-Theft Provisions;

"7. Penalties for Violation of Registration Provisions;

"8. For Fees and Their Collection, and

"9. For Repeal of Provisions of Law as Specified in Sections 122, 123 and 124 of This Act."

We do not find the act constitutionally objectionable. Obviously its subject is motor vehicles. The mere inclusion of other provisions logically within the scope of the title and relating to the general subject does not violate the "one subject" restriction. This constitutional limitation was designed for the exclusion of discordant provisions having no rational or logical relation to each other. Beatty v.

420

City of Santa Fe, 57 N.M. 759, 263 P.2d 697; Albuquerque Bus Co. v. Everly, 53 N.M. 460, 211 P.2d 127; Jordan v. Metropolitan Sanitary Dist. of Greater Chicago, 15 Ill.2d 369, 155 N.E.2d 297; State v. Hincy, 130 La. 620, 58 So. 411; Ex parte Jimenez, Tex., 317 S.W.2d 189.

Finally, appellant asserts that § 41–16–1, supra, is void for indefiniteness and uncertainty, and that he has been denied due process in violation of § 18, Art. II, New Mexico Constitution and the 14th Amendment to the Constitution of the United States by reason of the failure of the court to comply with the statute, § 41–16–4, 1953 Comp., in sentencing him.

 The basis of these assertions is the fact the record fails to disclose that he had entered a plea admitting the former conviction. True, the record is silent in this respect, but this is not proof that he did not do so. The order sentencing appellant is quite clear. It recites that "an amended criminal information having been filed charging the defendant with a prior felony conviction * * * and the defendant having admitted that he is the same person and that he was found guilty of said felony * * * (he) should be sentenced as a second offender * * *." Appellant makes no contention that he did not enter a plea to the charge. Consequently, the correctness of the recitals must be assumed. We would point out, however, that strict compliance with the procedure set out in detail in § 41–16–4, 1953 Comp., is mandatory, and it is also important that the record should clearly demonstrate this compliance. To depend upon recitals in the order of sentence to support the same is not to be recommended.

 On this record, we cannot say that appellant has been denied due process by reason of non-compliance with the provisions of § 41–16–4, supra. As we construe § 41–16–1, supra, it is found to be unambiguous, definite and certain. Compare People v. Palm, 245 Mich. 396, 223 N.W. 67.

Finding no error in the record, the judgment is affirmed.

It is so ordered.

McGHEE, C. J., and CARMODY and MOISE, JJ., concur.

CHAVEZ, J., not participating.