394 P.2d 262

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Richard SERRANO, Defendant-Appellant.**

**No. 7426.**

Supreme Court of New Mexico.

July 13, 1964.

Hart & Brockman, Tucumcari, for appellant.

Earl E. Hartléy, Atty. Gen., George Richard Schmitt, James E. Snead, Asst. Attys. Gen., Santa Fe, for appellee.

GEORGE L. ZIMMERMAN, District Judge.

This is an appeal from a conviction under § 40–1–6, N.M.S.A.1953.

"Any person who shall attempt to commit any felony that shall fail in being committed, the punishment for which attempt is not otherwise prescribed by law, shall upon conviction thereof, be punished by imprisonment for not more than three (3) years nor less than six (6) months, or by fine not exceeding one thousand dollars ($1,000.00), or by both such fine and imprisonment at the discretion of the court trying the cause."

Under points I and II defendant contends that an information charging "Attempting to break and enter the Westside Grocery in the nighttime with the intent to take property therefrom on or about April 27, 1963, contrary to 40–1–6, NMSA" fails to allege a felony offense. Defendant further contends that larceny of property over the value of $50.00 is an essential element of proof in a charge of attempting to commit an offense under § 40–9–6, N.M.S.A. 1953.

"Every person who shall break and enter, in the night-time, any office, shop,

or warehouse, not adjoining to nor occupied as a dwelling-house, with the intent to commit the crime of murder, rape, robbery, larceny, or any other felony, shall be punished by imprisonment in the state penitentiary not more than three [3] years nor less than one [1] year."

■ From an examination of the foregoing statutory sections the requirement for a conviction for an attempted felony demands that the attempt must be to commit a felony as described in § 40–9–6, supra, i. e., murder, rape, robbery, larceny, or any other felony. The offense must be a felony. To attempt to commit a felony is a felony; however, to attempt to commit a misdemeanor is not a felony. The attempted offense alleged herein is breaking and entering into places other than dwellings with the intent to commit larceny therein.

The parties agree that § 40–9–6, supra, does not define the term "larceny" used therein. Defendant suggests that the meaning to be assigned to the term "larceny" is "grand larceny" as defined in § 40–45–2, N.M.S.A.1953:

"Every person who shall commit the crime of larceny, by stealing of the property of another any money, goods or chattels, or any bank note, bond, promissory note, bill of exchange, or other bill, order or certificate, or any books of accounts for or concerning money or goods, due or to become due, or to be delivered, or any deed of writing, containing a conveyance of land or any other valuable contract in force, or any writ, process or public record, if the property stolen shall exceed the value of fifty dollars [$50.00], shall be punished as provided in section 41–5401 [40–45–1]. * * *"

The answer is set forth in §§ 40–45–6 and 40–45–7, N.M.S.A.1953:

"40–45–6. Every person who shall be convicted of stealing from a dwelling-house, store, warehouse or other house, either in the day or night, any goods, chattels money or property, which exceed the value of ten dollars [$10.00], shall be fined in a sum not less than ten dollars [$10.00] nor more than five hundred dollars [$500], or be imprisoned not less than one [1] month nor more than five [5] years, or both, at the discretion of the court trying the cause."

"40–45–7. Every person who shall be convicted of stealing from any dwelling-house, store, warehouse or outhouse, either in the day or night-time, any goods, chattels, money or property, when the same is of less value than ten dollars [$10.00], shall be fined in a sum not less than ten dollars [$10.00] nor more than five hun-

dred dollars [$500], or be imprisoned not less than one [1] month nor more than five [5] years, or both, at the discretion of the court trying the cause."

Stealing property of any value is, under one or the other of the sections, a felony. Therefore, the requirement of value in the information charged in this case need not be specified and we hold that the term "larceny" as used in § 40-9-6, supra, is not limited to "grand larceny" as defined in § 40-45-2, supra, and the value of over $50.00 is not an essential element of proof in a charge of attempting to commit an offense under §§ 40-1-6 and 40-9-6, supra.

With this determination under point III, we hold that the court did not err in giving the following instructions:

"9. You are further instructed that breaking and entering a store in the nighttime with intent to take property is a felony."

"12. The defendant is charged in the information with attempting to break and enter the Westside Grocery in the nighttime with the intent to take property therefrom. If you believe from the evidence to your satisfaction and beyond a reasonable doubt that the defendant attempted to break and enter in the nighttime the Westside Grocery with intent to take, steal and carry away any goods or other property therein, and to convert and appropriate said property to his own use and to deprive the owner permanently of the ownership of said property, and that said goods or property were of some value, then you should find the defendant guilty as charged in the information."

Defendant's final point is that the court erred in overruling defendant's motion for a directed verdict of not guilty and contends that the evidence is insufficient as a matter of law to prove defendant guilty.

Defendant suggests that the ultimate facts show that a window was broken at Westside Grocery late at night; that the defendant was standing 4-5 feet from the window when police came upon the scene; that the defendant ran and was arrested; that no entry was made by any person, and there was no evidence of an attempted entry; and that no property was taken.

He agrees arguendo that this evidence is sufficient from a legal standpoint to infer that the defendant broke the window and then raises the question as to what evidence shows an attempt to enter. He claims the jury relied on an inference based upon an inference. The result would be that because the jury inferred that defendant broke the window, the jury inferred that defendant attempted to enter, and then in-

ferred that the defendant intended to take property. Defendant's authority is as follows:

"* * * But an inference of fact which is essential to the establishment of the offense cannot be rested upon another inference. Conviction cannot be predicated upon one inference pyramided upon another. Presumption cannot be superimposed upon presumption and thus reach the ultimate conclusion of guilt. * * *" Rosenberg v. United States, 10 Cir., 120 F.2d 935, at 937; Gallegos v. United States, 10 Cir., 237 F.2d 694.

"It is well settled that an inference cannot be predicated upon another inference. Presumption cannot be superimposed upon presumption to reach a factual conclusion." Sapir v. United States, 10 Cir., 216 F.2d 722, at 724.

In the Rosenberg case the defendant was wrongfully convicted of using the mails to defraud, because no evidence whatsoever was ever introduced to show that he actually used the mails in furtherance of his scheme. In the Sapir case the jury could not lawfully find the defendant guilty of conspiracy to defraud the United States, because there was no evidence introduced which would have permitted them to infer the defendant knew that the property, which was the subject matter of the alleged

fraudulent sale, belonged to the United States.

In these two cases the juries used an inference based on an inference to reach an ultimate conclusion of guilt, because they inferred a finding of fact, pertaining to an essential element of the crimes, upon mere suspicion or conjecture (not direct or circumstantial evidence) and used that inference as a basis for inferring the guilt of the defendants.

However, in the Gallegos case a conviction for unlawful importation of a narcotic drug was upheld, because the jury was entitled to infer the defendant's possession of heroin from the circumstantial evidence presented by the prosecution to prove that fact. Though the defendants in that case correctly contended that conviction could not be based upon a pyramiding of inference on inference, the court said, at 237 F. 2d 698:

"* * * But defendants here confuse the terms 'inference' or 'presumption' as used within the meaning of that rule with a fact proved by circumstantial evidence. * * *"

The general explanation of the inference upon an inference rule is contained in 22A C.J.S. Criminal Law § 579, pp. 329, 330:

"It is frequently stated that one inference or presumption cannot be

based on another. However, this rule has been severely criticized and it has been said that the rule is inaccurate and has been repudiated, and that the rule that an inference cannot be based on an inference merely means that an inference cannot be based on evidence which is uncertain or speculative or which merely raises a conjecture or possibility. A fact established by circumstantial evidence may serve as the basis for an inference or presumption. In any event the rule was not intended, and must not be applied, to inhibit or prevent any of the logical inductive or deductive processes by which the mind arrives at reasoned conclusions from adequate data."

We hold that the jury in this case, after they had found that the defendant shattered the grocery store window, validly inferred that the window was broken in an attempt to enter and unlawfully take property from inside the store. That the defendant acted with this criminal intent was another question of fact for the jury which could be inferred from the circumstances established at the trial. State v. Roybal, 66 N.M. 416, 349 P.2d 332.

The judgment will be affirmed. It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.