417 P.2d 439

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Jimmy Lee WAITS, Defendant-Appellant.**

**No. 8133.**

Supreme Court of New Mexico.

Aug. 22, 1966.

William J. Heck, Hobbs, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

A jury convicted defendant of burglary (§ 40A–16–3, N.M.S.A.1953). His appeal raises one issue: Was there substantial evidence to support the conviction? Defendant contends that the state failed to.

prove entry and failed to prove any intent of defendant to commit any felony or theft inside the structure claimed to have been entered.

Pepsi-Cola and Seven-Up were stored in a shed at the rear of the E-Z Way Market. When the shed was locked about 5:00 P.M., there were approximately fifteen cases. That evening the lock was pried loose and the shed was entered. Investigation showed that six cases of pop were missing.

On the same evening defendant met three acquaintances and asked them to take him to get some pop. They drove to a street intersection and parked. Defendant and one of the acquaintances located some pop in nearby weeds and loaded the pop into the car. The distance from the storage shed to the weeds where the pop was located was approximately 175 feet.

A deputy sheriff noticed the car and investigated. He found four persons in the automobile. In addition, he discovered three cases of Pepsi-Cola and three cases of Seven-Up. Defendant explained to the officer that he found the pop in the weeds.

No footprints were found either in the area where defendant said he found the pop or along the trail from the weeds to the storage shed. The ground was hard surfaced, making it difficult to pick up a shoe print. Footprints were located near the shed, but were not identifiable due to the hard surface of the pavement and sawdust around the building.

An officer found, inside the storage room, "a shoe print that was very close to the shoe print that matches the shoe print he [defendant] was wearing at that time." This was the print of a left shoe in the sawdust. It appeared to be of recent origin.

The witness Heckert was one of the persons in the car with defendant. Heckert testified that when the officer saw the pop in the car he stated, "You all are stealing pop." According to Heckert the defendant said: "They didn't have nothing to do with it, I was the one that got the pop."

Defendant asserts that State v. Seal, 75 N.M. 608, 409 P.2d 128, is controlling and requires a reversal. In State v. Seal it was testified that footprints found at the scene and footprints seen at the motel where defendant was staying were made by the same shoe and were similar in every detail. However, none of the footprints were linked to the defendant. Further, tire tracks at the scene and at the motel were made by the same kind of tire, but there was no evidence that the tracks were made by the tires on defendant's car. The stolen property was found in the country, not in defendant's possession. All the evidence was circumstantial. The court reaffirmed the rule that the circumstantial

evidence must be inconsistent with any reasonable hypothesis of defendant's innocence. The conviction in Seal was reversed because the circumstantial evidence did not meet the required standard.

The facts of this case distinguish it from State v. Seal, supra. Here pop of the kind and amount stolen was found in the possession of defendant near the place from which pop had been stolen. Defendant prevailed upon his acquaintances to take him to the vicinity of the storage shed for the purpose of getting some pop. When being investigated he admitted that he took the pop. A print of a shoe found in the shed from which the pop was taken was similar to the print of defendant's shoe.

While this evidence is partly circumstantial, it supports the finding of the jury. From this evidence the jury could infer that defendant was the person who took the pop from the storage shed. See State v. Ocanas, 61 N.M. 484, 303 P.2d 390. From this evidence the jury could also infer that defendant intended to commit a theft when he entered the shed. See State v. Serrano, 74 N.M. 412, 394 P.2d 262, and State v. Roybal, 66 N.M. 416, 349 P.2d 332.

There being substantial evidence to support the verdict, the judgment is affirmed. It is so ordered.

CARMODY, C. J., and MOISE, J., concur.