448 P.2d 813

STATE of New Mexico, Plaintiff-Appellee,

v.

Fidel Patricio ORTEGA, Defendant-Appellant.

No. 246.

Court of Appeals of New Mexico.

Dec. 6, 1968.

Hilario Rubio, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Warren O. F. Harris, Asst. Atty. Gen., Santa Fe, for appellee

OPINION

SPIESS, Chief Judge.

Defendant was charged and convicted of breaking and entering in violation of Sec. 40A–16–3, N.M.S.A.1953, the material part of which reads: "Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein."

The defendant has appealed from the sentence imposed and contends (1) that there is an absence of substantial evidence to support the verdict and (2) that submitting the case to the jury constituted fundamental error.

Specifically, defendant contends that the evidence does not establish the requisite criminal intent, and, further, that due to intoxication he was incapable of forming such intent.

■ In considering the sufficiency of the evidence to support the verdict we are, of course, mindful of the rule that the evidence and inferences to be drawn therefrom will be viewed in the light most favorable to the prosecution. State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (Ct. App.1967); State v. Seal, 75 N.M. 608, 409 P.2d 128 (1965).

It appears from the record that about 3:00 A.M. on March 2, 1967, one Junius Stowe, who resided near a building occupied by Claude's Bar and Restaurant, was awakened by a "crash." He looked out the window and saw two persons in the back of the bar. One was standing near the door and the other was "leaning over the top of the window." Stowe promptly reported what he had observed to the police.

Thereafter the police went to the building and found the back window broken. They saw a person later identified as the defendant in the building and observed him running from the rear toward the front of the building. This person, in compliance with a police order, then returned to the rear of the building and in view of the police emerged through the broken window.

It further appears that the bar and restaurant had been closed by the manager about 2:00 A.M. prior to the breakin. At the time of closing, the manager had checked and closed the window in the rear of the building. She had also examined the building before turning off the lights and locking the doors. She testified that the window was not broken and there were no persons in the building at her final check.

Defendant admitted that he was in the building when the police arrived but said, "I remember being inside, but I don't remember how I got inside." In substance,

the defendant testified that he was intoxicated during the time and did not remember what had occurred. One of the officers testified that defendant "appeared to have been drinking." It is not shown by the evidence that anything had been taken from the building.

■ We agree with the proposition that a specific intent to commit a felony or theft is an essential element of the state's case to be proved beyond a reasonable doubt. The gravamen of the offence of burglary is the intent with which the structure is entered. See State v. Hinojos, supra. The crime involved here is complete; when entry is accomplished with intent to steal it is not a required element of proof to show that any property was actually taken.

■ A specific intent to commit theft may be proven by inference from established facts and circumstances. See State v. Serrano, 74 N.M. 412, 394 P.2d 262 (1964); State v. Roybal, 66 N.M. 416, 349 P.2d 332 (1960); and People v. Johnson, 28 Ill.2d 441, 443, 192 N.E.2d 864, 866 (1963), wherein the Supreme Court of Illinois in upholding a jury verdict for the conviction of burglary said:

"Intent must ordinarily be proved circumstantially, by inferences drawn from conduct appraised in its factual environment. We are of the opinion that in the absence of inconsistent circumstances, proof of unlawful breaking and entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. Like other inferences, this one is grounded in human experience, which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose. * * * "

■ The credibility of witnesses and weight to be given their testimony is for the jury. State v. Nuttall, 51 N.M. 196, 181 P.2d 808 (1947); State v. McAfee,

78 N.M. 108, 428 P.2d 647 (1967); State v. Hudson, 78 N.M. 228, 430 P.2d 386 (1967); State v. Buchanan, 76 N.M. 141, 412 P.2d 565 (1966). It is clear from the verdict that the jury here resolved the conflict against defendant and concluded that his explanation of his presence in the building was incredible.

Defendant's contention that he was intoxicated to such an extent that he was unable to form the requisite intent to commit the crime charged is unavailing. The issue of intent was for the jury, State v. Roybal, supra, and was resolved by its verdict against defendant.

Defendant has undertaken to invoke the doctrine of "fundamental error" as a ground for reversal. As we view the record we see no basis here for application of the doctrine.

The judgment of conviction is affirmed. It is so ordered.

OMAN and ARMIJO, JJ., concur.