463 P.2d 41

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles P. WALSH, Defendant-Appellant.**

**No. 353.**

Court of Appeals of New Mexico.

Dec. 12, 1969.

William H. Carpenter, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Ray Shollenbarger, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of armed robbery, (§ 40A–16–2, N.M.S.A.1953 (Repl. Vol. 6)) defendant appeals raising six points for reversal. Defendant's second part of the first point is dispositive of the appeal. We reverse for the reasons hereinafter stated.

Defendant contends in his first point that:

"THE TRIAL COURT ERRED IN REFUSING TO QUASH THE INDICTMENT FOR FAILURE TO INCLUDE AN ESSENTIAL ELEMENT OF THE CRIME CHARGED AND FOR FAILURE TO INSTRUCT THE JURY ON ALL OF THE ELEMENTS OF THE CRIME CHARGED."

THE INDICTMENT.

The indictment reads in part: "The Grand Jury Charges: * * * Charles P. Walsh, * * * of ROBBERY WHILE ARMED WITH A DEADLY WEAPON, contrary to Sections 40A–16–2, 40A–29–3(B), and 40A–1–13, N.M.S.A.1953. * * " Defendant contends that the phrase "ROBBERY WHILE ARMED WITH A DEADLY WEAPON" in the indictment failed to specify the crime of armed robbery since the element of "use or threatened use of force or violence" was not included.

■■ This contention must fail for two reasons. First, the phrase "by use or threatened use of force or violence" is a part of the definition of, and is included in, the word "robbery." Section 40A–16–2, supra. Section 41–6–7(1) (a), N.M.S.A. 1953 (Repl. Vol. 6) states an indictment may charge "[b]y using the name given to the offense by the common law or by a statute." Secondly, it is well established in this jurisdiction that an indictment is valid and sufficient if it identifies the crime charged by reference to the statute establishing the offense. State v. Lucero, 79 N.M. 131, 440 P.2d 806 (Ct.App.1968); Village of Deming v. Marquez, 74 N.M. 747, 398 P.2d 266 (1965); State v. Lott, 73 N.M. 280, 387 P.2d 855 (1963).

THE INSTRUCTIONS.

The trial court instructed the jury that "* * * Robbery While Armed with a Deadly Weapon consists of committing a theft of a thing of value from the person or immediate control of another while armed with a deadly weapon."

The trial court refused defendant's Requested Instruction No. 1 which states in part:

"Robbery as defined in Sec. 40A–16–2 of the New Mexico Criminal Code is committed by one who, commits a theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence. That section further provides that whoever commits this crime of robbery while armed with a deadly weapon is guilty of a second degree felony."

■ The record does not affirmatively show defendant's objection to the court's instruction. However, we consider the refusal to give an instruction containing an essential element of the crime charged, in the absence of any other instructions cov-

ering that element, to be jurisdictional. Compare Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L. R. 1330 (1945), wherein it was stated:

"It is true that no exception was taken to the trial court's charge. * * * [But] * * * where the error is so fundamental as not to submit to the jury the essential ingredients of the only offense on which the conviction could rest, we think it is necessary to take note of it on our own motion. * * *"

■ Jurisdictional questions may be raised for the first time on appeal. See State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.) decided September 19, 1969, and authorities cited therein.

■ The cases are too numerous to cite for the proposition that an essential element of the crime of robbery is the "use or threatened use of force or violence." Some courts use different words, such as, force or fear, force or intimidation, violence or threats, and so on. Section 40A–16–2, supra defines robbery as:

"* * * the theft of anything of value from the person of another or from the immediate control of another, *by use or threatened use of force or violence*." (Emphasis added.)

See also 2 Anderson, Wharton's Criminal Law and Procedure, § 554 (1957).

Plaintiff contends "that force or violence automatically exists when a deadly weapon is displayed or used as it was in this case." Plaintiff relies on State v. Sanchez, 78 N.M. 284, 430 P.2d 781 (Ct. App.1967) and states that since "[n]o weapon was used" in that case that we "[i]mply that if a weapon had been used there would not have been any need for testimony from the victim that he was induced to part with his chattels by the use of force or violence." We do not so read *Sanchez*.

*Sanchez* simply states that since the victim did not testify as to the manner in which the defendant put his fist against the victim's back nor did the victim testify as to his reaction to this act, we could not ascertain "without more, [what] constitute[d] the force or fear sufficient to sustain a robbery conviction[.]"

Further, the fact that a weapon was used does not reach the issue. The use of a weapon is evidence concerning the use of force or violence. The issue here is not whether there was evidence of force or violence but the failure to inform the jury of the elements of the crime charged.

[6] Since "use or threatened use of force or violence" is an essential element of the crime charged a failure to instruct on this essential element is reversible error. State v. Grayson, 50 N.M. 147, 172 P.2d 1019 (1946); State v. Benton, 275 N. C. 378, 167 S.E.2d 775 (1969).

Reversed and remanded.

It is so ordered.

OMAN and WOOD, JJ., concur.