487 P.2d 178

STATE of New Mexico, Plaintiff-Appellee,

v.

Pablo Victor MORAGA, Defendant-Appellant.

No. 676.

Court of Appeals of New Mexico.

July 2, 1971.

Scott McCarty, Albuquerque, for defend-ant-appellant.

David L. Norvell, Atty. Gen., Ethan K. Stevens, Thomas L. Dunigan, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Moraga was convicted and sentenced for second degree murder. He seeks a reversal on two points, (1) the circumstances of rape by one Carrillo, a witness, should have been admitted into evidence as bearing on the state of mind of Moraga, and (2) the trial court failed to adequately instruct on the elements of murder in the second degree and the failure was jurisdictional.

The Brief in Chief states:

"* * * The Defendant was involved in an argument with the witness Carrillo and fired a pistol at Carrillo four times and struck him more than once. Then the defendant started to flee the premises and in the process thereof fired the shot which fatally wounded the deceased, Samuel Garcia."

On cross-examination of Carrillo, the defense brought out there had been a prior fight between defendant and Carrillo. The defense also brought out that Carrillo had been convicted of rape prior to the killing, the date of the rape and of the conviction, and that at the time of trial, Carrillo was an inmate of the penitentiary.

The State objected to further questioning concerning the rape. The objection was sustained. Defendant contends he "* * * was entitled to present evidence of the violent nature of the witness Carrillo, and was entitled to develop the specific violent acts of the witness Carrillo, * * *" This contention is made on the basis it was pertinent to defendant's state of mind at the time of the shootings.

In considering the admissibility of violent acts against third persons (which is the situation here in regard to the rape), State v. Ardoin, 28 N.M. 641, 216 P. 1048 (1923) holds that a specific violent act is admissible if it "* * * would legitimately and reasonably either affect the defendant's apprehensions or throw light on the question of aggression, or upon the conduct or motives of the parties at the time of the affray, * * *" Ardoin, supra, recognizes that the holding permits the presentation of collateral issues and that the extent that the evidence goes into collateral issues is to be considered by the court "* * * in exercising the discretion necessary to determine the admissibili-

ty of this class of evidence in any particular case. * * *"

 Here, the specific act of violence, the rape, had been admitted without objection. The details of the rape were sufficiently collateral so that we cannot say, as a matter of law, that the trial court erred in refusing to permit them to be developed. Further, the details of the rape could not have been pertinent to defendant's state of mind when there is no showing, and no claim, that defendant knew or had heard of any of the details. Defendant's Point I is without merit.

The contention that the trial court failed to "adequately instruct" on the elements of second degree murder has two parts: (1) murder in the second degree was defined to include all the elements of first degree murder except deliberation and (2) malice and premeditation were not defined for the jury.

The key to this contention is the word "adequately." The elements of second degree murder were stated; defendant's complaint goes to the way they were stated. Malice was defined; the contention is the definition should have been more extensive. Premeditation is referred to in terms of "premeditated design" and "malice aforethought;" the contention is that a specific separate definition should have been given.

Thus, the "inadequacy" of which defendant complains goes to the form of the instructions. This asserted inadequacy is claimed to be jurisdictional because defendant made no objection to the instructions before the trial court.

Since the elements of second degree murder were included, there is no jurisdictional defect under State v. Walsh, 81 N. M. 65, 463 P.2d 41 (Ct.App.1969). Nor do the instructions given introduce any uncertainty into the required elements of second degree murder. See State v. Buhr, 82 N. M. 371, 482 P.2d 74 (Ct.App.1971). Nor can it be said the instructions given were misleading. Compare State v. Soliz, 80 N. M. 297, 454 P.2d 779 (Ct.App.1969).

There being neither a jurisdictional defect nor fundamental error in the instructions, the complaint as to the form of the instructions is answered by the requirement that the asserted inadequacy be called to the attention of the trial court. This was not done. Therefore, the asserted error was not preserved for review. Section 21–1–1(51) (2) (h), N.M.S.A.1953 (Repl. Vol. 4).

No error was committed. The conviction and sentence is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.