503 P.2d 1173

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Raymond L. BACHICHA, Defendant-Appellant.**

**No. 937.**

Court of Appeals of New Mexico.

Oct. 6, 1972.

Certiorari Denied Oct. 24, 1972.

———◆———

William H. Carpenter, Mercer & Carpenter, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Pursuant to a plea of guilty, Bachicha was sentenced for the unlawful possession of amphetamines. Section 54–6–38(B)(3), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp. 1971). He appeals.

We affirm.

On September 7, 1971, with a court appointed attorney present, Bachicha entered a plea of not guilty. On November 10, 1971, through private counsel, Bachicha advised the court that he wished to change his plea to guilty.

This appeal has been undertaken by a third attorney, appointed by the court, and Bachicha was granted free process.

In its order filed the same day as the plea of guilty, the trial court stated:

\*       \*       \*       \*       \*       \*

After the court interrogated the defendant and was satisfied that he voluntarily and intelligently entered a Plea of Guilty, having been advised of the Constitutional Rights which he was waiving and the sentence which could be imposed, and it further appearing that the defendant's counsel had explained to the defendant his rights and concurred in the Plea of Guilty, the Court then accepted the Plea of Guilty and found the defendant Guilty.

Bachicha now contends that the judgment and sentence are invalid because the record does not disclose that he voluntarily and understandingly entered his plea of guilty, and was thereby denied due process of law.

The order stated above, which was not attacked in the trial court or on appeal, and the record of the hearing are sufficient to show that Bachicha's plea of guilty was voluntary and understandingly made. State v. Elledge, 81 N.M. 18, 462 P.2d 152 (Ct.App.1969).

It is so ordered.

COWAN, J., concurs.

HERNANDEZ, J., concurs specially.

HERNANDEZ, Judge (specially concurring).

I am obliged to concur because the defendant failed to raise the issue of the voluntariness of his plea of guilty by timely and proper objection in the trial court. Nevertheless, this record compels comment because of its "documentary" compliance and "actual" non-compliance with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The trial court's order, quoted above, recites that the court interrogated the defendant and that it was satisfied that he voluntarily and intelligently entered a plea of guilty. However, the record reveals the following:

"THE COURT: Do you know what the penalty is on this?

"MR. STRAND: Yes, your Honor, It's—

"THE COURT: All I'm interested in is whether it is a felony.

"MR. STRAND: It is a high court misdemeanor, your Honor.

(Mr. Knott and Mr. Bachicha conferring.)

"THE COURT: Just a minute. What's going on?

"MR. KNOTT: What I was saying, Mr. Bachicha was arrested for both, possession of amphetamines and barbiturates. He has a prescription for the barbiturates.

"MR. STRAND: There is nembutal and there's amphetamines. There's nembutal and seconal.

"MR. KNOTT: Yes, but as I have discussed—

"THE COURT: I want to find out if this man is pleading guilty to having these contrary to law.

"MR. KNOTT: He wants to plead guilty to the amphetamines contrary to law, not to the barbiturates. We do have a prescription for the barbiturates. It is specifically for seconal, Mr. Bachicha has informed me. I think we can show to the satisfaction of the district attorney that they do give nembutal when they're out of seconal, it's the same thing.

"THE COURT: What are these amphetamines he is pleading guilty to?

"MR. STRAND: Amphetamines, that's a little white pill.

"MR. KNOTT: It is a stimulant drug. It is unlawful, your Honor. That's enough to get within the statute. He doesn't have any more. He doesn't want to plead guilty to something he's not guilty of.

"THE COURT: All right.

"MR. STRAND: All right, your Honor, if the—

"THE COURT: How do you plead to this charge?

"MR. BACHICHA: I plead guilty to possession of the amphetamines."

Boykin holds that it is error for a trial court to accept a guilty plea without ascertaining that the plea was intelligently and voluntarily given. It further holds that a plea of guilty cannot stand unless the record affirmatively discloses that this has been done.

Prior to Boykin the rule in New Mexico was as stated in Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968). " * * * before accepting a plea of guilty a trial court has a duty to ascertain that a defendant knows the consequences of his plea and to advise him of those consequences if he is not otherwise advised * * * The fact of counsel being present and having advised the defendant is a factor to be considered in determining the question of the need for or sufficiency of any admonition given by the court." In other words it was sufficient if the record disclosed something from which the appellate court could infer or assume that the defendant was advised of and then willingly and knowingly

waived his constitutional rights and pleaded guilty. However, since *Boykin* we cannot infer or assume compliance, therefore mere recitation in a document that defendant was advised of his rights docs not suffice.