503 P.2d 1180

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Lawrence LOPEZ, Defendant-Appellant.**

**No. 972.**

Court of Appeals of New Mexico.

Nov. 17, 1972.

---

Charles P. Reynolds, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Randolph B. Felker, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of burglary. Section 40A–16–3, N.M.S.A.1953 (2nd Repl.Vol. 6). The question is whether defendant may obtain a review of the trial court error, the issue not having been raised in the trial court.

On his direct examination, defendant admitted his presence at the scene of the burglary and that he carried the stolen goods away in his vehicle. He explained that a neighbor had asked his help in moving the neighbor from a prior residence to an apartment near defendant's residence; that he didn't realize this "move" was the basis for the burglary charge until much later.

Cross-examining, the prosecutor asked defendant several times if he had given the above information to the police. Defendant claims the trial court erred in failing to order a mistrial on its own motion because of the prosecutor's questions. We disagree.

The questions were clearly improper. Having the constitutional right not to incriminate himself, defendant, who exercised that right by his silence, had no obligation to make any explanation of his activities. Thus, he had no obligation to explain his activities to the police. The prosecutor's questions had no probative value in this case except on defendant's credibility. That probative value was outweighed by the danger that the jury might equate a failure to speak with guilt. See State v. Hovey, 80 N.M. 373, 456 P.2d 206 (Ct.App.1969) and cases therein cited.

The only objection to the prosecutor's questions was that one of them was argumentative. No issue was raised in the trial court as to the propriety of questions directed to defendant's failure to explain his activities to the police. See State v. Harrison, 81 N.M. 623, 471 P.2d 193 (Ct. App.1970). Thus, defendant is faced with the general rule that issues not raised in the trial court will not be considered on appeal. This rule applies to evidence which is admitted at trial without objection and then is complained of on appeal. State v. Foster, 82 N.M. 573, 484 P.2d 1283 (Ct.App.1971).

Defendant seeks review in this court on the theory that an error of "constitutional dimensions" may be raised for the first time on appeal. He claims that although the issue was not raised before the trial court, an error which unmistakably operates to diminish the scope of a clearly delineated constitutional right may be raised for the first time on appeal. Doty v. United States, 416 F.2d 887 (10th Cir. 1968) is cited in support of this view. However, in Doty, supra, appellate review was on the basis of a federal rule of criminal procedure specifically authorizing review of "plain error" even though the issue was not raised before the trial court. New Mexico has no comparable rule. Compare Rules of Criminal Procedure 54, compiled as § 41–23–54, N.M.S.A.1953 (2nd Repl.Vol. 6, 1972 Spec.Supp.).

In New Mexico, issues which may be raised for the first time on appeal are those stated in DesGeorges v. Grainger, 76 N.M. 52, 412 P.2d 6 (1966); compare Lujan v. Gonzales, 84 N.M. 229, 501 P.2d 673 (Ct.App.1972). The issue raised by defendant does not come within any of the categories stated in DesGeorges, supra.

Since defendant cannot raise the issue for the first time on appeal, the trial court was not in error in failing to grant a mistrial when defendant never asked for a mistrial. See State v. Madrid, 83 N.M. 603, 495 P.2d 383 (Ct.App.1972).

Affirmed.

It is so ordered.

HENDLEY, and COWAN, JJ., concur.