504 P.2d 1084

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Thomas Jon GUNZELMAN, Defendant-Appellant.**

**No. 968.**

Court of Appeals of New Mexico.

Nov. 30, 1972.

Certiorari Granted Jan. 3, 1973.

Douglas T. Francis, Francis, Parker & Martin, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Ronald Van Amberg, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of burglary contrary to § 40A–16–3, N.M.S.A.1953 (2nd Repl.Vol. 1972), defendant appeals asserting four points for reversal. Defendant's contention on the failure to instruct on an essential element of the crime is dispositive of the appeal.

We reverse.

The court instructed the jury as follows:

"To constitute criminal intent it is not necessary that there should exist an intent to violate the law or to do a wrong. Criminal intent exists whenever a person intentionally does that which the law declares to be a crime, even though he may not know that he is committing a crime or that his act is wrong."

Defendant made no objection nor did he request a proper instruction. The question is first raised on appeal. Defendant contends that the instruction is incorrect in that it omits an essential element of the crime, criminal intent. He also contends such an omission is jurisdictional and may be raised for the first time on appeal. We agree.

The failure to give an instruction containing an essential element of a crime is jurisdictional and may be raised for the first time on appeal. State v. Bachicha, 84 N.M. 395, 503 P.2d 1173 (Ct.App.) decided October 13, 1972; State v. Walsh, 81 N.M. 65, 463 P.2d 41 (Ct.App.1969).

Section 40A–16–3, supra, states:

"Burglary consists of the unauthorized entry of any . . ., dwelling . . ., with the intent to commit any felony or theft therein."

The gravamen of the offense of burglary is the intent with which the structure is entered. State v. Ortega, 79 N.M. 707, 448 P.2d 813 (Ct.App.1968). A specific intent to commit ". . . any felony or theft therein" must be shown. The instruction given does not meet the foregoing requirement. It states that it is not necessary ". . . that there should exist an intent to violate the law or to do a wrong. . . ." This is an incorrect statement of the law. The specific intent to commit ". . . any felony or theft therein" is an essential element of the crime of burglary. The quoted instruction does not cover that specific intent.

Reversed.

It is so ordered.

COWAN, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

The majority opinion is contrary to established law in New Mexico. It holds that a failure to instruct on "specific intent" to commit ". . . any felony or theft therein" omits an essential element of the crime of burglary and is prejudicial error which may be raised for the first time on appeal because it creates a jurisdictional problem.

Section 40A–16–3, N.M.S.A.1953 (2nd Repl.Vol. 6) reads in part:

Burglary consists of the unauthorized entry of any . . . dwelling, . . . *with the intent to commit any felony or theft therein.* [Emphasis added]

The trial court instructed the jury as follows:

The material allegations of the indictment necessary to be proven to your satisfaction beyond a reasonable doubt before you can find the defendant guilty are that . . . THOMAS JON GUNZELMAN, did without authority or permission enter the dwelling house of Rex Shurtleff . . . *with intent to commit a theft therein.* [Emphasis added]

No objection was made to this instruction. State v. Lopez, 80 N.M. 599, 458 P. 2d 851 (Ct.App.1969), cert. den. 398 U.S. 942, 90 S.Ct. 1860, 26 L.Ed.2d 279, involved, among other crimes charged, that of aggravated battery. Section 40A–16–4, N.M.S.A.1953 (2nd Repl.Vol. 6). This statute also contains the same emphasized language set forth in § 40A–16–3, supra, "with intent to commit any felony or theft therein." This court said:

Point K states that the trial court erred in failing to include in the initial instruction dealing with the elements of the various offenses charged, *the element of intent.* There is no support for this contention in the record. *The offenses were set out in the instructions according to the applicable:* . . . § *40A–16–4* . . . . *Instructions which substantially follow the language of the statute are sufficient.* [Emphasis added]

In State v. Serrano, 74 N.M. 412, 394 P. 2d 262 (1964), the Supreme Court held the above instruction to be free of error. See also, dissenting opinion in State v. Lopez, 84 N.M. 402, 503 P.2d 1180 (Ct.App.) decided November 17, 1972.

Many other cases which support the above rule can be found in 12 C.J.S. Burglary § 66b Note 24, and 1972 Annual Pocket Part.

Reversible error occurs only when the instruction defining the crime omits the essential element of intent in the language of the statute. State v. Walsh, 81 N.M. 65, 463 P.2d 41 (Ct.App.1969); State v. Finley, 208 Kan. 49, 490 P.2d 630 (1971).

We must not forget that where the statutory elements of a crime are included in the instruction, no jurisdictional defect arises. State v. Moraga, 82 N.M. 750, 487 P.2d 178 (Ct.App.1971).

Thus far, I have not discovered a New Mexico Supreme Court case which holds that an instruction on "specific intent" is essential in addition to a correct instruction given in the language of the statutory crime.

We are now confronted with the instruction on "general intent" set forth in the majority opinion. The defendant did not object to this instruction, nor show that it was prejudicial to him. It is not subject to review. State v. Herrera, 82 N.M. 432, 483 P.2d 313 (Ct.App.1971).

Since this is a dissenting opinion, I should like to point out that the instruction is erroneous, but when considered with the evidence in the case, it is not prejudicial to the defendant and does not warrant a reversal. People v. Butcher, 174 Cal.App.2d 722, 345 P.2d 127 (1959).

I repeat what I said in State v. Lopez, supra:

If the trial court instructs the jury in the language of the criminal statute involved, instructions on "specific intent" and "general intent" disappear.

This conviction should be affirmed.