514 P.2d 54

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Thomas Jon GUNZELMAN, Defendant-Appellant.**

**No. 968.**

Court of Appeals of New Mexico.

Aug. 8, 1973.

Douglas T. Francis, Francis, Parker, Martin & McNeill, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Ronald Van Amberg, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of burglary as an accessory contrary to §§ 40A–16–3 and 40A–1–14, N.M.S.A. 1953 (2d Repl.Vol. 1972), defendant appeals. His points for reversal are: (1) that the verdict is not supported by substantial evidence; (2) that the trial court erred in allowing testimony concerning weapons found in defendant's car after his arrest; (3) that the trial court erred in denying a portion of a requested instruction; and (4) that the court erred by failing to instruct on an essential element of the crime charged. Point four has been disposed of by the Supreme Court. (See State v. Gunzelman, 85 N.M. 295, 512 P.2d 55, filed July 6, 1973, withdrawing opinion similarly styled filed May 25, 1973, and reversing State v. Gunzelman, 84 N.M. 451, 504 P.2d 1084 (Ct.App. 1972)).

Regarding defendant's first point, we have reviewed the record and conclude that there is substantial evidence to support the verdict. State v. Moser, 80 N.M. 404, 456 P.2d 878 (1969).

Regarding defendant's second point his argument is that the testimony was not relevant to any issue raised by the indictment. This argument is without merit. State v. Everitt, 80 N.M. 41, 450 P.2d 927 (Ct.App. 1969).

Regarding defendant's third point, his argument is that this was a theory of the case instruction which was improperly denied. This is incorrect. The refused instruction stated there was no presumption that defendant was an accessory and that defendant did not have the burden of proving that he was not an accessory. The trial court instructed on the presumption of innocence and the state's burden of proof. The refused instruction did not state a theory of the case; instructions given covered the presumption of innocence and burden of proof. Point three is without merit. State v. Mireles, 84 N.M. 146, 500 P.2d 431 (Ct.App. 1972); State v. Zarafonetis, 81 N.M. 674, 472 P.2d 388 (Ct.App. 1970).

Affirmed.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.