574 P.2d 290

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Marietta FUSON, Defendant-Appellee.**

**No. 3270.**

Court of Appeals of New Mexico.

Jan. 3, 1978.

## OPINION

WOOD, Chief Judge.

Defendant is charged with fraud in violation of § 40A–16–6, N.M.S.A. 1953 (2d Repl. Vol. 6). The parties have stipulated that the charge is based on receiving financial aid, food stamps and medical assistance benefits from the New Mexico Health and Social Services Department. The stipulation states that defendant is charged with receiving these benefits by fraudulent conduct, practices or representations in that defendant "failed to disclose *disability insurance payments* she was receiving". (Our emphasis.) Prior to trial, defendant's motion to exclude certain social security records as evidence was granted. The State has appealed this ruling. We discuss: (1) whether there is an appealable issue; (2) the stipulation; (3) Evidence Rule 404(b); and (4) Evidence Rule 403.

*Whether There is an Appealable Issue*

■ Section 21–10–2.1(B)(2), N.M.S.A. 1953 (Repl.Vol. 4, Supp. 1975) authorizes an appeal by the State from an order of the district court excluding evidence in a criminal proceeding. Such an appeal is authorized "if the district attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding."

Such a certificate has been filed by the attorney general, who prosecuted this case in the trial court.

Defendant claims there is no appealable issue. Her contention is that the social security records cannot be construed as "proof of a fact material to the proceeding." The sparse showing in the trial court is contrary to defendant's position.

The social security records in question have never been introduced or even marked as exhibits; they have not even been identified. The records were not presented to the trial court for its examination during the hearing which resulted in the exclusion of the records.

Defendant represented to the trial court that the State intended to introduce the social security records to show that defendant's employer had paid social security taxes and withholding taxes (we assume in connection with defendant's employment) during the time defendant was receiving welfare benefits. The State did not challenge the accuracy of this characterization of the records. The discussion between counsel and the court was to the effect that the records tended to show defendant's intent in obtaining the benefits she allegedly received by fraud. There is nothing to the contrary.

On this record, we cannot hold that the attorney general's certificate is false or that the excluded records would not be substantial proof of defendant's intent. We cannot do so because the sparse showing to the trial court does not contradict the certificate; rather, the showing supports the certificate.

*The Stipulation*

■ Defendant contended in the trial court that the social security records went to a collateral matter and under the stipulation (referred to in the first paragraph of this opinion), the State could not go into collateral matters. We discuss whether the records went to a collateral matter in the

next issue. The stipulation makes explicit the basis for the fraud charge and the State's theory as to how the alleged fraud was committed. The stipulation cannot be read as providing a basis for excluding the social security records. See *Crabtree v. Measday*, 85 N.M. 20, 508 P.2d 1317 (Ct. App.1973).

*Evidence Rule 404(b)*

The State asserts that the social security records were admissible under Evidence Rule 404(b) to prove defendant's intent, plan or knowledge and the absence of mistake on defendant's part. There is no issue as to admissibility under Evidence Rule 404(b); prior to excluding the records as evidence, the trial court ruled the records were admissible under this evidence rule "'for the very specific purpose of showing motive or plan, etc.'"

*Evidence Rule 403*

■ The trial court ruled that the records were "collateral in nature" and their probative value was outweighed by the prejudice to defendant if the records were admitted. See *State v. Hogervorst*, 90 N.M. 580, 566 P.2d 828 (Ct.App.1977). The trial court made clear that it was exercising its discretion. Evidence Rule 403 was authority for exclusion of the records. The appellate issue is whether the trial court's ruling was an abuse of discretion. See *State v. Marquez*, 87 N.M. 57, 529 P.2d 283 (Ct.App. 1974); *State v. Moraga*, 82 N.M. 750, 487 P.2d 178 (Ct.App.1971).

■ Defendant characterized the records as showing social security and withholding taxes paid by defendant's employer. The State's brief indicates the records would show that defendant "failed to report employment income during the time she was receiving welfare benefits". Failure to report employment income is a matter collateral to the stipulated charge that defendant failed to disclose disability insurance payments. See *State v. Ross*, 88 N.M. 1, 536 P.2d 265 (Ct.App.1975).

Although collateral, the excluded records were admissible under Evidence Rule 404(b). In determining whether evidence admissible under Evidence Rule 404(b) should be excluded under Evidence Rule 403, the probative value of the evidence is to be considered. *State v. Noble*, 90 N.M. 360, 563 P.2d 1153 (1977). In considering the probative value, a factor is "the availability of other means of proof". Advisory Committee's Note to proposed federal Evidence Rule 404(b). There is nothing in the record of this case going to other means of proving defendant's intent to defraud.

■ Judicial discretion is defined in *State v. Hargrove*, 81 N.M. 145, 464 P.2d 564 (Ct.App.1970). We cannot hold that the trial court abused its discretion in excluding records, collateral to the charge to which the State stipulated, in the absence of a showing that the proof to be made by the excluded records could not be made by other means. For example: Was the employer available to testify as to defendant's employment income?

The order of the trial court, excluding the social security records, is affirmed and IT IS SO ORDERED. We point out, however, that our holding is a narrow one, going only to the social security records. Although defendant sought a ruling excluding "any" collateral evidence, the trial court ruled only on the social security records.

HENDLEY and LOPEZ, JJ., concur.