This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **No. 33,772**

**BILLY ROWDEN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1} Defendant appeals his convictions for two counts of false imprisonment, two counts of aggravated burglary (deadly weapon), and one count of larceny. [RP 163] Our notice of proposed summary disposition proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2} In Issue (1), Defendant continues to argue the evidence is insufficient to support his convictions for two counts of false imprisonment, two counts of aggravated burglary (deadly weapon), and one count of larceny. [DS 1, 4; MIO 3] *See generally State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth the standard of review for a substantial evidence challenge). For the reasons extensively detailed in our notice, we affirm Defendant's convictions. We do, however, briefly address specific arguments that Defendant raises in his memorandum in opposition in his continued challenge to the sufficiency of the evidence.

{3} With regard to his convictions for two counts of false imprisonment, *see* NMSA 1978, § 30-4-3 (1963), Defendant asserts that he did not restrain Victim, and as support for this assertion, emphasizes that Victim "walked away from him[.]" [MIO 4] While Victim was ultimately able to run—not walk—away from Defendant at the end of both incidents [RP 152 (¶ 13), 153 (¶ 18); DS 3], this does not preclude a finding that Defendant restrained Victim beforehand. Moreover, as we noted in our

2

notice, "false imprisonment does not require physical restraint of the victim; it may also arise out of words, acts, gestures, or similar means." *State v. Corneau*, 1989-NMCA-040, ¶ 12, 109 N.M. 81, 781 P.2d 1159. Thus, while Defendant asserts that he did not "restrain" Victim [MIO 4], it was within the fact-finder's prerogative to assess otherwise. *See Sutphin*, 1988-NMSC-031, ¶ 21 (providing that the fact-finder is free to reject a defendant's version of events).

{4} With regard to Defendant's two counts of aggravated burglary (deadly weapon), *see* NMSA 1978, § 30-16-4(A) (1963), Defendant asserts that it "is unclear from the record . . . whether [he] ever entered" Victim's home. [MIO 5] Contrary to this assertion, however, the district court's findings expressly provide that Defendant entered Victim's home without permission. [RP 152 (¶ 5), 153 (¶ 16)] Defendant further maintains that there was nonetheless no evidence to suggest that he intended to commit a crime once he entered [MIO 5], asserting that he only intended "to see that [Victim] vacate the premises" [MIO 5-6], to force Victim to apologize to the girlfriend [MIO 5], and "to foil any attempts at scrap metal theft." [MIO 6] While Defendant attributes his actions as done for reasons other than to enter Victim's home without authorization and with the intent to commit an aggravated battery once inside, the fact-finder was free to reject Defendant's view of the evidence. *See Sutphin*, 1988-

NMSC-031, ¶ 21.  Similarly, while Defendant suggests his battery of Victim was in self-defense, the fact-finder could decide otherwise. *Id.*

**{5}** And lastly, with regard to Defendant's conviction for larceny, *see* NMSA 1978, § 30-16-1(A), (B) (2006), Defendant argues that "no evidence was presented to suggest that [he] took the phone intending to permanently deprive [Victim] of it" and asserts that he instead "only took the phone to prove the existence of a conspiracy between" Victim and another person to steal his scrap metal.  [MIO 6]  Given the evidence that Defendant demanded that Victim give him his cell phone, that Victim complied with this demand, and that Defendant kept the cell phone and had it in his home [RP 152 (¶ 7); MIO 6], the fact-finder had ample evidence from which to infer that Defendant, at the time he took the cell phone, had the requisite intent to permanently deprive Victim of his phone.  *See generally State v. Roybal*, 1960-NMSC-012, ¶ 6, 66 N.M. 416, 349 P.2d 332 (recognizing that "[w]hile intent is essential and must be established in larceny cases, it may be inferred by the jury from the facts and circumstances established at the trial"); *see also Sutphin*, 1988-NMSC-031, ¶ 21 (providing that the fact-finder is free to reject a defendant's version of events).

**{6}** Based on the foregoing discussion and for the reasons detailed in our notice, we hold that sufficient evidence supports Defendant's convictions. *See State v. Sparks*,

4

1985-NMCA-004, ¶¶ 6-7, 102 N.M. 317, 694 P.2d 1382 (defining "substantial evidence" as that evidence that a reasonable person would consider adequate to support a defendant's conviction).

{7}     In Issue (2), Defendant continues to assert that he received ineffective assistance of counsel.  [DS 4; MIO 7]  Defendant concedes, however, that the necessary facts to support this issue were not developed in the record and on this basis withdraws this issue.  [MIO 7]  *See State v. Herrera*, 2001-NMCA-073, ¶ 37, 131 N.M. 22, 33 P.3d 22 (expressing a preference for habeas corpus proceedings over remand when the record on appeal does not support the factual basis for an issues on appeal).

{8}     To conclude, we affirm Defendant's convictions.

{9}     **IT IS SO ORDERED.**


_____

**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____

**MICHAEL D. BUSTAMANTE, Judge**

5

_____

**CYNTHIA A. FRY, Judge**