BAKER *v.* STATE

[No. 9, September Term, 1961.]

*Decided September 20, 1961.*

Submitted to HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

Submitted on brief by *Leonard H. Lockhart* and *Zebulon H. Stafford* for the appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Joseph S. Kaufman, Deputy Attorney General, Henry P. Turner, Jr., State's Attorney for Talbot County,* and *J.*

*Albert Roney, Jr., State's Attorney for Cecil County,* for the appellee.

PER CURIAM.

Appellant, a taxi driver of Elkton, was convicted with a doctor of conspiring to cause to be issued a false certificate of pregnancy so that an underage applicant might obtain a marriage license.

Appellant urges that he was improperly convicted on the uncorroborated testimony of accomplices—the couple who obtained the license. The State moved to dismiss the appeal on the grounds that the point relied on had not been raised below and because the appellant had not printed in the record extract parts of the record which were reasonably necessary for the determination of questions presented by the appeal. Maryland Rule 828 b requires this and says in paragraph 1 (b) that the record extract shall include: "So much of the evidence, pleadings or other parts of the record as is material to any question the determination of which depends upon the sufficiency of the evidence, pleadings or other matter contained in the record to sustain any action, ruling, order or judgment of the lower court."

The rule provides that for violation of section b the court may dismiss an appeal and we have concluded that the motion to dismiss should be granted. Appellant included in the record extract only the docket entries, indictment and brief parts of the testimony of the claimed accomplices which were favorable to him. Omitted were the testimony of two other couples who had obtained licenses under similar circumstances with the aid of appellant, the testimony of the appellant and pertinent exhibits, all of which the State claims corroborated or tended to corroborate the testimony of the couple claimed to be accomplices.

In *Yamin v. State,* 204 Md. 407, 411-412, in which an appeal in a criminal case was dismissed for lack of an adequate extract on the authority, inter alia, of *Hill v. State,* 190 Md. 698, 703, and *Williams v. State,* 204 Md. 55, 63, we said: "The only contention of the appellant in this case is the lack

of adequate evidence to corroborate the testimony of the alleged accomplice * * *. He contends that on account of the lack of this evidence, the case should not have been submitted to the jury. Therefore, to decide the only question presented, it is peculiarly essential here that we have the record of the testimony, which we do not have. Without such testimony, of course, the case cannot be decided. We must dismiss the appeal."

The language quoted is fully apposite here.

*Appeal dismissed.*