CARL V. BRAY, JR., Alias CARL BRAY, JR., ROBERT A. JACKSON and JOHNNY WALLIS, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 450 S.W.2d 786.

Court of Criminal Appeals of Tennessee. Sept. 4, 1969.

Certiorari Denied as to Carl V. Bray, Jr. by Supreme Court Feb. 16, 1970.

Robert J. Shockey, Chattanooga, for plaintiffs in error.

George F. McCanless, Atty. Gen., W. Collins Bonds, Asst. Atty. Gen., Nashville, Jerry Foster, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

RUSSELL, Judge.

The three plaintiffs-in-error, CARL V. BRAY, JR., ROBERT A. JACKSON, and JOHNNY WALLIS were jointly indicted, tried and convicted of first degree burglary and each sentenced to not less than five (5) nor more than ten (10) years in the penitentiary. The alleged crime was the breaking and entering during the nighttime of the dwelling house of Mr. and Mrs. Jerry

Davis and stealing therefrom a color television set, a wristwatch, a diamond ring and a bedsheet.

On the trial below defendant Bray was represented by Hon. Ward Crutchfield, while Jackson and Wallis were represented by Hon. Robert J. Shockey. On this appeal in the nature of a writ of error all three are represented by Mr. Shockey. This is important because the case must be reversed as to the trial court's action in refusing to let a witness tendered by Mr. Shockey on behalf of Jackson and Wallis testify. Defendant Bray had rested his case without putting on any proof, so cannot rely upon the error. It is assigned in this court as error as to all three plaintiffs-in-error.

Mr. Shockey called a Mrs. Wallis to testify on behalf of his two clients. Her testimony was objected to because her name was not given when the Court asked the respective attorneys to identify their witnesses so that the prospective jurors could be asked on voir dire about them. It appeared that Mrs. Wallis had been sworn with the body of witnesses, and excluded under the rule, but her name had not been actually given.

The witness next before her, Lynda Brandon, had been objected to on exactly the same ground, and had not been sworn with the body of witnesses; but the Court allowed her to testify.

The trial court ruled that because Mrs. Wallis' name was not given to the Attorney General "so he could qualify the jury" that she could not testify. Mr. Shockey then asked to be allowed to make an offer of proof without the jury, and the Court would not allow it. The record is, therefore, silent as to what Mrs. Wallis would have testified to.

■■■ There is no rule of law in Tennessee which requires a defendant to name his witnesses at the time that the jury is being selected, and be irrevocably bound to use only those so identified. Hence, there is no basis in law for the action of the trial judge. Perhaps a local rule of court so prescribes; but, if so, it is not reflected in this record. Such a rule, if blanketly enforced, would run contra to due process.

We hold the action of the trial judge to be reversible error. If we were permitted to know what the tendered witness would have testified to, then perhaps the error would have been harmless. But, under this record, we could only speculate; and the trial court, by refusing to allow the tender of proof moved for, makes a reversal as to Jackson and Wallis mandatory. We cannot place the responsibility for the absence of Mrs. Wallis' testimony in the Bill of Exceptions upon counsel for Jackson and Wallis. The law is that when a trial judge rules out an entire line of competent evidence, *or refuses to hear an examination thereon,* preservation and presentation to the appellate court of the details of the evidence offered is not required. City of Nashville v. Drake, 199 Tenn. 1, 281 S.W.2d 681. In the case of Strader v. State, 208 Tenn. 192, 344 S.W.2d 546, 87 A.L.R.2d 963, our Supreme Court said:

"It is true the excluded testimony was not put in the bill of exceptions, and the general rule is that error cannot be assigned upon the exclusion of evidence unless the bill of exceptions shows what the witness's answers would have been if permitted, and shows that they would have been competent and material.

But this rule does not apply where the Trial Judge

'rules out an entire line of competent evidence, or refuses to hear any examination thereon,' or when he holds a witness incompetent and refuses to hear him at all."

The remaining assignment of error must be examined as it applies to plaintiff-in-error Bray. It is urged that the defendant's constitutional right to a fair trial was denied when the trial court permitted the prosecution to cross-examine a defense witness, Barbara Taylor, regarding matters which were not in evidence, which were without foundation, and which were highly prejudicial to the defense; and that there was reference to this cross-examination in final argument which was improper and of substantive prejudice to the defendants. Specifically, this witness was asked if she hadn't told her father that her perjured testimony had been solicited, and she constantly denied it. The prosecuting attorney argued to the jury that he wished that he could have had her father there for the jury to hear, but that they couldn't.

This alleged error is not available to Bray. No objection was ever made by his trial counsel to any of this cross-examination, nor did his counsel object to the jury argument. Counsel for Jackson and Wallis put this witness on. Counsel for Bray neither examined nor cross-examined her. She did testify favorably for all defendants. But the objections of counsel for Jackson and Wallis are not available to Bray, whose counsel sat mute; even though counsel for Jackson and Wallis now also represents Bray on appeal.

The cross-examination complained of was perfectly proper. A witness may be cross-examined on

alleged out of court statements not yet in the record. The adverse party is bound by the answer of the witness, absent further proper rebuttal proof; but the questions may be asked. Hence there was neither error nor objection. Had there been error in the introduction of this evidence, an objection thereto first made on appeal is not tenable. Vowell v. State, 207 Tenn. 598, 341 S.W.2d 735; Anderson v. State, 207 Tenn. 486, 341 S.W.2d 385.

The argument of the prosecuting attorney was improper, but it was not objected to by Bray's trial lawyer, so we need not consider whether it was prejudicial or harmless. The rule is that objection to improper argument at the time that it is made is essential to reliance upon the alleged error on appeal. Morgan v. Duffy, 94 Tenn. 686, 30 S.W.2d 735. King v. State, 91 Tenn. 617, 20 S.W. 169. Turner v. State, 188 Tenn. 312, 219 S.W.2d 188.

We feel, therefore, that this assignment of error as to Bray must also be overruled.

Counsel for plaintiffs-in-error acknowledges the sufficiency of the evidence. No other error appearing, we affirm the judgment as to Carl V. Bray, Jr.

For the reasons heretofore set out, we reverse the judgment of the trial court as to Robert A. Jackson and Johnny Wallis, and remand the case as to them for a new trial.

OLIVER and DWYER, JJ., concur.