529 P.2d 1249

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Bruce Stanley CURTIS, Defendant-Appellant.**

**No. 1476.**

Court of Appeals of New Mexico.

Dec. 4, 1974.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, App. Defender, Don Klein, Jr., Associate App. Defender, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., George A. Morrison, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of burglary contrary to § 40A–16–3, N.M.S.A.1953 (2d Repl.Vol. 6, 1972) defendant appeals asserting nine points for reversal. We reverse on the point relating to the restriction and deprivation of defendant's right of cross-examination.

The state attempted to prove that defendant and another, a juvenile, burglarized a liquor store in the early morning hours of August 20, 1973. The state's witnesses related the manner of the burglary, the fact of defendant being shot, treated and subsequent apprehension later in the day. The state also presented the juvenile who was the only witness placing defendant inside the building and committing the burglary.

Defendant's defense was that the juvenile and the juvenile's brother were the burglars; that the defendant was at the scene for other reasons, but was not in the store or participating in the burglary; that when the police arrived, the defendant got frightened and ran (hence, the gunshot wound); and that the juvenile implicated the defendant in order to protect his (juvenile's) brother.

The trial court permitted the juvenile to testify provided that his testimony and cross-examination thereto would be strictly limited to events which occurred with relation to this particular crime. The defendant attempted to establish his theory of the case and impeach the juvenile through cross-examination which delved into the activities of the defendant, the juvenile, the juvenile's brother and others in the days and hours immediately preceding the burglary. The juvenile repeatedly declined to answer these questions in the proper exercise of his Fifth Amendment right to incriminate himself. The defendant's motion for a mistrial, on the grounds that he was denied his right of cross-examination of the juvenile, was denied.

While the extent to which cross-examination may be allowed is largely within the discretion of the trial court, the right to cross-examine cannot be so restricted as to wholly deprive a party of the opportunity to test the credibility of a witness. State v. Martin, 53 N.M. 413, 209 P.2d 525 (1949); State v. Talamante, 50 N.M. 6, 165 P.2d 812 (1946); see State v. Rogers, 80 N.M. 230, 453 P.2d 593 (Ct. App.1969). In the instant case, the juvenile's testimony was virtually immune from the test of credibility. Due to the juvenile's refusal to answer, implication of other crimes, the defendant was effectively denied the opportunity to show: (a) that the juvenile might be lying or (b) a reason why he might want to lie in order to protect his brother.

The state would have us take as a given right the right of the juvenile to give direct testimony and then have us balance the juvenile's Fifth Amendment right against self-incrimination against the defendant's Sixth Amendment right to be confronted with the witnesses against him with regard to cross-examination. We agree with the state that, absent an immunity statute, a person's right not to incriminate himself is sacred. However, we do not view the problem as one of balancing constitutional rights. Here both rights stand on an equal footing. Neither is more important than the other. The proper remedy, when two rights of equal standing are involved, is to resolve the issue in favor of both rights.

Accordingly, it was error to allow the juvenile's testimony to be used. Since the juvenile was the only witness to place the defendant in the building and committing the burglary in the early morning hours of August 20th, the restriction and deprivation of cross-examination was prejudicial. See State v. Talamante, supra. Defendant's motion for a mistrial should have been granted.

Defendant also contends that the indictment is jurisdictionally void for disjunctive allegations of intent and that the trial court erred in denying his motion to suppress physical evidence. The indictment was valid under Rules 7, 8 and 9 of the Rules of Criminal Procedure. Sections 41–23–7, 41–23–8 and 41–23–9, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp.1973). The motion to suppress was correctly denied because the evidence seized was in the plain view of a police officer. State v. Miller, 80 N.M. 227, 453 P.2d 590 (Ct. App.1969).

Reversed and remanded for a new trial.

It is so ordered.

LOPEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

The judgment of the trial court should be affirmed.

### A. Defendant's right to confront the juvenile witness was not denied.

Defendant's motion for a mistrial was made at the close of the state's case. The motion stated the following:

> The main ground is that the State . . . called as its principal witness the juvenile co-defendant, . . . and intentionally and with good reasons from the State's standpoint asked only limited number [sic] of questions . . . which would clearly implicate and incriminate the defendant, Bruce Curtis, as having been at the scene of this incident on August 19th and 20th, 1973. Now, in view of the fact that this was a co-defendant and in view of the fact that the co-defendant found it necessary to take the Fifth Amendment as to—*on an extensive cross-examination which the court allowed . . ., it is our contention that the defendant, Bruce Curtis, was denied his constitutional right of the Sixth Amendment to effectively cross-examine and confront the witness,* in fact the main witness, the only witness which says he was there doing the alleged acts for which he is on trial, *he was denied his right to cross-examine and confront this witness.* [Emphasis added.]

This motion was denied.

The Sixth Amendment's guarantee of the right of confrontation to a defendant in a criminal prosecution means that a defendant "not only has the right to look upon such witnesses but to cross examine them. While the extent of the cross examination is largely within the discretion of the trial court it is, nevertheless, a valuable right and it cannot be so restricted as to wholly deprive a party of the opportunity to test the credibility of a witness. [Citations omitted.]" State v. Martin, 53 N.M. 413, 417, 209 P.2d 525, 527 (1949); Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). Confrontation secures to the accused, the court and the jury the right to observe the deportment and conduct of the witness while testifying, and the moral effect produced upon the witness by requiring him to testify at trial. State v. James, 76 N.M. 376, 415 P.2d 350 (1966).

The juvenile was 15 years of age. He was represented by an attorney. During trial, after direct examination of the juvenile, defendant cross-examined him extensively. To protect himself against a criminal charge of conspiracy to commit the burglary in question, the juvenile declined to answer a number of questions on the grounds of his Fifth Amendment privilege against self-incrimination.

Under former § 20–1–10, N.M.S.A.1953 (Repl. Vol. 4), the district attorney and district court were without authority to grant immunity to a witness from prosecution so as to compel the witness who had invoked the constitutional provision against self-incrimination to testify in the prosecution against another person. State v. Watson, 82 N.M. 769, 487 P.2d 197 (Ct.App.

1971). This statute was repealed, effective July 1, 1973. Laws 1973, ch. 223, § 2.

"A witness has, we think, a constitutional right to stand on the privilege against self-incrimination until it has been fairly demonstrated to him that an immunity, as broad in scope as the privilege it replaces, is available and applicable to him." Stevens v. Marks, 383 U.S. 234, 246, 86 S.Ct. 788, 794–795, 15 L.Ed.2d 724, 732–733 (1966). No immunity was made available to the juvenile. It could have been offered, but the state did not choose to do so. United States v. Stephens, 492 F.2d 1367 (6th Cir. 1974).

Did the privilege exercised by the juvenile deny defendant effective cross-examination and therefore deny defendant his right to confront the witness?

Because of the conflict between rights guaranteed by the Fifth and Sixth Amendments, two questions must be answered. (1) Did the juvenile properly invoke the privilege? (2) If so, did the court err in allowing his testimony on direct to go to the jury nonetheless?

(1) "If on direct a witness testifies to *incriminating matters,* he is considered to have waived the privilege *as to those matters* and may not, on cross, decline to answer questions as to details of the matters he has already revealed. [Citations omitted.] However, if the testimony sought to be elicited on cross is not merely a more detailed inquiry into matters as to which the witness already has waived his right, the witness may invoke the privilege." [Emphasis added.] Fountain v. United States, 384 F.2d 624, 627–628 (5th Cir. 1967), cert. denied, Marshall v. United States, 390 U.S. 1005, 88 S.Ct. 1246, 20 L. Ed.2d 105; See, also, United States v. Stephens, supra; United States v. Newman, 490 F.2d 139 (3rd Cir. 1974).

The juvenile testified that he was in the liquor store with the defendant on August 20, 1973, at the time of the burglary when the police arrived. He saw defendant attempt to steal a case of liquor and some belt buckles. He yelled at defendant that the police were present and he crawled outside through a hole in the building and kept running until he was arrested. He gave defendant's name to the police and then was taken to the police station. The only incriminating matter he testified about was his participation in the burglary.

At the beginning of cross-examination, a conference occurred at the bench. The following morning, the court ruled that defendant could "go ahead and ask questions that would go even a little further than the bare facts testified to by" the juvenile.

At the beginning of cross-examination, the juvenile invoked his Fifth Amendment privilege, and declined to answer questions beyond the incriminating matters already revealed. The trial court ruled that questions asked *prior to the time of the burglary* were part of a chain of evidence which might incriminate the juvenile in a conspiracy to commit the crime in association with others including his brother, and that the juvenile had properly refused to answer.

Invoking his Fifth Amendment privilege, the juvenile declined to answer questions about a statement made to the police after arrest. The trial court ruled that the statement had not been made under oath, and had been made in the absence of an attorney, and it could not be used for impeachment purposes.

The trial court did not err in allowing the juvenile to invoke his Fifth Amendment privilege as to those questions during cross-examination.

(2) "Where the privilege is legitimately invoked by a witness during cross examination, all or part of that witness's direct testimony may be subject to a motion to strike." Fountain v. United States, supra, 384 F.2d at 628. United States v. Stephens, supra; State v. Rogers, 80 N.M. 230, 453 P.2d 593 (Ct.App.1969). United States v. Rogers, 475 F.2d 821 (7th Cir. 1973). Defendant made no motion to strike any of the juvenile's direct testimony. It was properly submitted to the jury.

The juvenile was cross-examined extensively on his direct testimony. Defendant was not prejudiced. Defendant's right to confront the witness was not violated.

B. *Error caused by preclusion of defendant's witnesses from testifying was not preserved.*

Defendant was indicted September 27, 1973. On October 11, 1973, the state moved under Rule 28(b) of the Rules of Criminal Procedure [§ 41–23–28(b), N.M. S.A.1953 (2d Repl. Vol. 6, 1973 Supp.)] that defendant should furnish the state with a list containing names and addresses of witnesses he intends to call at trial. The record does not show service of the motion on defendant. On October 23, 1973, the parties stipulated, *subject to the court's approval,* that the parties shall consider themselves under the sanctions of a court order that the defendant make a disclosure at least ten days before trial. The record does not show court approval. Trial began November 5, 1973, thirty-six days after the indictment.

The record shows that on Tuesday, October 30, 1973, a hearing was held to suppress the evidence. Immediately after the evidence was suppressed, the question of the use of two witnesses at trial was raised. The record does not show that trial began on this date. But it does appear that trial began immediately after argument on the question of the right to use the two witnesses Monday, November 5, 1973. The defendant's attorney stated that he had served subpoenas on Jim Long and Ray King in the middle of the week, not knowing at that time whether he would call them at trial because he had not had a chance to interview them. Friday afternoon, November 2, 1973, he advised the district attorney he provisionally intended to call both as witnesses and gave the names and addresses. He had learned of the names on Monday, October 29, 1973, about six days before trial.

Defendant's attorney assumed an order had been entered requiring the defense under Rule 28 to disclose the names of witnesses of the defendant. The assumption was wrong. Defendant's attorney also stated that Rule 28 "says 10 days before trial." This was incorrect. Rule 28(b) reads:

Upon motion of the state, the court may order the defendant to furnish the state a list of the names and addresses of the witnesses he intends to call at the trial.

The ten-day provision applies under Rule 27(d) which requires the district attorney to serve a written response to a disclosure motion *by the defendant.* Section 41–23–27(d), N.M.S.A.1953 (2d Repl. Vol. 6, 1973 Supp.).

The trial court erroneously stated "The rule says ten days", and then denied the defendant the right to use the two witnesses, presumably under Rule 30 of the Rules of Criminal Procedure. This rule was not applicable because it applies to a discovery of additional witnesses *after compliance with a previous order* for discovery of witnesses under Rule 28.

The question remains whether the error caused by preclusion of defendant's witnesses from testifying was preserved. It was not.

Where the defendant makes an offer of proof and the court denies it, denial of the offer of proof is reversible error. Bray v. State, 2 Tenn.Cr.App. 18, 450 S.W.2d 786 (1969). Even if defense counsel had represented to the court that the testimony of the witnesses was material and recited the gist of it to the court which indicated that the witnesses' testimony was contradictory to the testimony of the chief witness for the state, it would constitute an abuse of discretion of the trial court in not allowing the witnesses to testify. Wilson v. State, 220 So.2d 426 (Ct.App.Fla.1969). However, an appellate court cannot review the trial court's ruling on an evidentiary matter when the evidence in question is not part of the record. State v. Pundy, 147 Conn. 7, 156 A.2d 193 (1959); State v. Bueche, 243 La. 160, 142 So.2d 381 (1962);

Baker v. State, 226 Md. 348, 173 A.2d 731 (1961). Defendant should have offered in proof, absent the jury, the testimony of the witnesses which the trial judge precluded from testifying. He failed to do so.

Without some indication in the record of what these witnesses would have stated, we cannot determine the capacity, competency or qualifications of the witnesses, nor the materiality of their testimony, nor whether the defendant was prejudiced by the refusal to allow them to testify. Neither will we speculate.

C. *Allowing proof, during rebuttal, of an oral confession by defendant, for impeachment purposes and without objection, was not error.*

On the morning of trial, a motion to suppress oral statements by defendant was heard. The motion to suppress was granted. During rebuttal, without objection, the police officer testified that thirty minutes after defendant was booked for commission of the burglary, defendant was riding in a vehicle with two police officers. Defendant pointed out where he ran across the street in the vicinity of the burglary and said he had been in the liquor store twice. On cross-examination, the officer testified as follows:

Q. Now, you stated that Mr. Curtis told you he was inside the Discount Liquor Store twice that evening, right?

A. Yes, sir.

Q. That means he admitted the crime.

A. Yes, sir.

The defendant cannot complain. When making these statements to the police officers, he was not handcuffed or restrained in any way. A statement inadmissible against a defendant in the prosecution's case in chief because of lack of the Miranda warnings, may be used for impeachment purposes to attack the credibility of defendant's trial testimony if the statements were not coerced or involuntary. Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

D. *Instruction on the aider and abettor theory was not reversible error.*

The trial court instructed the jury on aiding and abetting. Objection was made that there was no direct evidence in the state's case which tends to indicate that the defendant aided and abetted. The contention on appeal is that defendant was a principal, not an aider or abettor. Defendant relies on State v. Loveless, 39 N.M. 142, 42 P.2d 211 (1935), which stands for the principle that the accused must be tried only for the offense charged in the information.

Defendant did not object below to the trial court's instructions on aiding and abetting. In the absence of fundamental or jurisdictional error, an objection to the trial court's instructions cannot be raised for the first time on appeal. State v. Rodriguez, 81 N.M. 503, 469 P.2d 148 (1970); State v. Buhr, 82 N.M. 371, 482 P.2d 74 (Ct.App.1971).

Section 40A–1–14, N.M.S.A.1953 (Repl. Vol. 6) which defines an accessory does not mean that the legislature intended to require that one who aids and abets in the commission of a crime should be charged as an accessory. State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966), cert. denied sub nom., Nance v. New Mexico, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967).

Additional instructions on aiding and abetting were not objected to.

Defendant's contentions with regard to

a) his right of confrontation;

b) preclusion of two of his witnesses from testifying;

c) testimony about his oral confession; and

d) jury instructions on aiding and abetting

are without merit. His conviction should be affirmed.