607 P.2d 137

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**David L. MARTINEZ, Defendant-Appellant.**

**No. 4099.**

Court of Appeals of New Mexico.

Jan. 31, 1980.

John B. Bigelow, Chief Public Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Frank A. Murray, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of fourteen counts of obtaining a controlled substance by the intentional use of a material misrepresentation contrary to § 30–31–25(A)(3) and (4), N.M.S.A. 1978 (Supp.1979), defendant appeals. His first point of whether the admission of parole reports and the testimony of his parole officer was improper is dispositive of the appeal. We reverse and remand for a new trial.

The facts brought out at trial are as follows. Using five different names at seven different drug counters, defendant purchased non-prescription terpin hydrate and codeine. At six of these locations on fourteen occasions, he signed a statement that he had not purchased four ounces of the drug in the last forty-eight hours. Section 916(3) of the New Mexico Board of Pharmacy Rules and Regulations provides, among other things, that certain controlled substances may not be dispensed more than once to the same person in any given forty-eight hour period. These fourteen occasions were the basis for the fourteen separate counts.

During the State's opening statement, over defendant's objection, the State told the jury that defendant's parole officer would testify regarding the signature of defendant on certain required parole forms and that he had seen defendant sign the parole forms. These signatures were to be used by the handwriting expert to compare with the signatures on the statements of the druggists. Over objection, defendant's parole officer was called to testify that he had seen defendant sign the required parole forms. The following interchange between the court and prosecutor took place:

THE COURT: Do you have anything else with his signature on it?

MR. SMITH: We have a lot of things in the file but nothing else that has been examined by our handwriting expert, because this is all we had at the time.
. . . .

Over defendant's objection, the court allowed Mr. Black to give the following testimony:

A. I was an adult probation-parole officer for the State of New Mexico in Farmington.

Q. Were you so employed during the months of October, November and December of 1978?

A. Yes, I was.

Q. In that capacity, did you become acquainted with an individual by the name of David Martinez?

A. Yes, I did.

Q. Is that individual in the courtroom today?

A. Yes, he is. He is right there.

MR. ROBERTS: Let the record reflect that the witness indicated the defendant.

Q. Mr. Black, in your capacity and in your relationship with the defendant, did you have occasion to interview the defendant on occasion?

A. Yes. He was to report into the office once a month between the first and fifth of each month for the previous month.

Q. When he would come in during these times, would there be any written indication that he had been in?

A. Yes. Each client was to fill out what was referred to as a monthly report. They would fill this out. It refers to their name, their occupation, their address, etc.

Defendant contends the testimony of the parole officer and the parole reports were inadmissible under N.M.R. Evid. 403, N.M.S. A.1978, which states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

Defendant asserts that the mention of his parole officer "was an obvious reference to a prior conviction"; that, since he had not taken the stand or placed his character in issue, his prior criminal record could not be introduced, N.M.R. Evid. 609, N.M.S.A. (1978) (See State v. Ross, 88 N.M. 1, 536. P.2d 265 (Ct.App.1975); State v. Rowell, 77 N.M. 124, 419 P.2d 966 (1966)); and that by placing his criminal record before the jury he was so prejudiced that he was deprived of a fair trial.

■ The fact that relevant evidence may tend to prejudice a defendant is not grounds for exclusion of the evidence. The question is whether the probative value of the evidence is outweighed by its prejudicial effect. See State v. Hogervorst, 90 N.M. 580, 566 P.2d 828 (Ct.App.1977). In examining the prejudicial effect, it must first be determined whether there were alternative means of establishing the same fact. If so, then the probative value of the questioned evidence is greatly diminished. State v. Fuson, 91 N.M. 366, 574 P.2d 290 (Ct.App.1978). The appellate issue is then whether the trial court abused its discretion in admitting the questioned evidence.

In the instant case, the following exchange between the defendant, the prosecutor and the court:

MR. MARTINEZ: I object to this because it is going to be prejudiced against me. The prosecutor could have signed a warrant or an order to have me give my signature; therefore, this is why I would like to move to dismiss this at this time. He had an opportunity. I was around all the time to where he could have got my signature. This way he is interjecting my character into this before me doing so first.

THE COURT: Do you have anything else with his signature on it?

MR. SMITH: We have a lot of things in the file but nothing else that has been examined by our handwriting expert, because this is all we had at the time. We needed to find out whether the same person made all of these signatures on the registers. If the defendant wishes to stipulate to something else, then we will use it.

MR. MARTINEZ: I was here all of the time in Kirtland. My parole officer—well, they could have gotten ahold of me through him.

The fact that defendant would not stipulate to his signature is of no import. The burden of proof was on the State. They had equally effective alternative methods to secure handwriting exemplars. *See State v. Archuleta*, 82 N.M. 378, 482 P.2d 242 (Ct.App.1970), *cert. denied* 82 N.M. 377, 482 P.2d 241 (1971). The fact that the ones which were used were the most convenient does not necessarily make them equally admissible. To balance the rights of the defendant between evidence which could have been secured by court order and which would not have been prejudicial (exposure of a prior conviction), and evidence which was clearly prejudicial leaves little doubt as to whether the trial court abused its discretion in admitting the parole officer's testimony and the parole records.

As stated in *State v. Rowell, supra*, quoting from 1 Wharton's Criminal Evidence (12th Ed.), p. 497, § 232:

> " * * * Several reasons are given for the exclusion of evidence of independent, disconnected crimes. When a person is put on trial for an offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense, and not by evidence showing him guilty of other offenses wholly unconnected with the one charged, and the evidence on a trial should be confined to the question in issue. A man cannot be convicted of crime because he is a bad man generally or has committed other crimes for which he has not been punished, but proof of other crimes has a tendency to prejudice the minds of the triers against the accused and to predispose them to a belief in his guilt. In addition, there is the grave danger that the jury may be confused by the evidence relating to the distinct crime."

Accordingly, we hold that the trial court abused its discretion in admitting the testimony and records of the parole officer.

Reversed.

IT IS SO ORDERED.

WALTERS, J., concurs.

HERNANDEZ, J., dissents.

HERNANDEZ, Judge (dissenting).

I respectfully dissent.

In my opinion the trial court did not abuse its discretion in allowing this testimony. The factual situation is very similar to that in *State v. Allen*, 91 N.M. 759, 581 P.2d 22 (Ct.App.1978).