649 P.2d 506

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Gregory Shaun GUESS,
Defendant-Appellant.**

**No. 5625.**

Court of Appeals of New Mexico.

July 20, 1982.

Melanie S. Kenton, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Chief Judge.

Defendant was tried and convicted in district court on three charges of unlawful distribution of marijuana and hashish, and conspiracy. He argues error in the admission of a juvenile probation officer's rebuttal testimony regarding the officer's opinion of defendant's reputation for truthful-

ness. Other issues stated in the docketing statement were abandoned. *State v. Gonzales*, 96 N.M. 556, 632 P.2d 1194 (Ct.App. 1981). We agree that the cited testimony was impermissibly prejudicial, and reverse.

The case hinged on defendant's credibility. A narcotic agent testified that he listened to a telephone conversation between an informant and defendant in which defendant agreed to take the informant to someone who could provide marijuana. The agent and the informant drove to defendant's home; defendant and a friend came out and one of them instructed the agent where to drive. When they all arrived at a trailer court, defendant advised they could buy hashish also from the trailer occupant. The agent gave either defendant or his companion some money; the companion went into the trailer and returned with marijuana and hashish which he delivered to the agent. The agent was not sure whether defendant or his companion gave him directions to the trailer court, or to which one he paid the purchase money.

The defendant testified that his friend knew where marijuana could be purchased; that he [the friend] told the agent where to drive; that the friend received the money from the agent, went into the trailer, and came back out to advise that the supplier also had hashish. The agent told him to buy a gram of hashish also. Defendant said he did not know where to get the marijuana; he knew nothing about the hashish; and he simply "was just along for the ride, a place where I shouldn't have been."

The State called as a rebuttal witness one who identified himself as the defendant's friend's juvenile probation officer. The witness said he had known defendant for ten years. The court interrupted the prosecutor when he asked the witness, "How is it you know him?" and, out of the presence of the jury, ruled that the witness could not disclose either that he had been defendant's juvenile probation officer or that defendant had a juvenile record. Following a tender by the State, the defense argued:

Further, your Honor, I approached the bench when Frank Hale was called and I

advised the Court that Frank Hale was the Juvenile Probation Officer in this county. This jury isn't stupid, your Honor. They know darn well Frank Hale is the J.P.O., and if he has known Guess for ten years that he must have had something to do with him in his office. And that's prejudicial, in itself, to call the J.P.O. And evidence of prior juvenile record is not admissible in the trial. Then to call him and ask him about what his opinion is as to the character of this defendant when this defendant never put his character into issue is improper. Also, at this time, your Honor, I would like to move for a mistrial in this case.

The State was permitted over the continuing objection of defendant to resume the probation officer's examination. He then testified he had met with the defendant eight to ten times over the past ten years and had talked six or seven times with members of defendant's family and others regarding defendant's character. He said:

It's my opinion that where Mr. Guess's freedom is involved that he would probably be untruthful.

Defendant's cross-examination inquired only into whether the probation officer had heard any testimony of defendant at trial or had been present at the time of the alleged offenses with which defendant was charged.

During closing argument, the prosecutor emphasized the probation officer's testimony:

Frank Hale told you that he knows the defendant. He has known defendant for over ten years, or about ten years, I believe he said, but that he has had seven or eight meetings with the defendant, that he has had a likewise number of meetings with either members of his family or other persons regarding this defendant, that he knows this defendant and has an opinion as to whether or not this defendant is a truthful person, period. He told you that in his opinion when it's in Shawn Guess's own personal interest or his own personal liberty that Shawn Guess is an untruthful person.

Defendant's appeal centers on the alleged impropriety of the juvenile probation officer's testimony. He articulates two impermissible prejudicial effects: (1) the logical inferences the jury would draw from a court official who relates ten years' association, and sufficient familiarity with defendant and his past circumstances, to be able to deny defendant's truthfulness in matters concerning defendant's "freedom"; and (2) the virtual destruction of any real opportunity to cross-examine the witness, who was defendant's own probation officer, for bias.

N.M.R.Evid. 609(c), N.M.S.A.1978, prohibits evidence of juvenile adjudications of an accused. Credibility of any witness may be attacked under N.M.R.Evid. 607, and the accused's reputation for truthfulness may be shown by opinion evidence whenever he testifies in his own behalf. N.M.R.Evid. 608(a), 701. But according to N.M.R.Evid. 403, relevant evidence which is more prejudicial than probative should be excluded.

In *State v. Martinez*, 94 N.M. 50, 607 P.2d 137 (Ct.App.1980), we held that in examining the prejudicial effect of evidence introduced through a probation-parole officer, we should first determine whether there were alternative means of establishing the same facts elicited from that witness. We would be hard-pressed to conclude, particularly in the absence of any evidence to the contrary, that the probation officer was the only person in the entire community who could testify regarding defendant's credibility, and particularly as we would tacitly approve the State's circumvention of Rule 609(c), *supra*, in the process of doing so. We feel as the *Martinez* court did: In balancing the rights of defendant between evidence that could have been otherwise obtained and the implications of clearly prejudicial evidence, we are left with "little doubt" regarding abuse of discretion in permitting the witness to testify. (94 N.M. at 53, 607 P.2d 137.)

Additionally, the undeniable limitation of defendant's right to cross-examine the probation officer undermined his constitutional right of confrontation. We said in

*State v. Curtis,* 87 N.M. 128, 529 P.2d 1249 (Ct.App.1974), that when defendant is placed in the position of being unable to exercise his Sixth Amendment privilege because the witness cannot be cross-examined, the remedy is to exclude the evidence of that witness.

*United States v. Calhoun,* 544 F.2d 291 (6th Cir. 1976), is even more on point than *Curtis, supra.* In *Curtis,* the juvenile witness asserted the Fifth Amendment on all questions relating to facts surrounding the charges against defendant, thus restricting cross-examination by defendant. We held it to be error "to allow the juvenile's testimony to be used." (87 N.M. at 129, 529 P.2d 1249.) In *Calhoun,* the prosecutor called a parole-probation officer to give his opinion whether a surveillance photo was that of defendant. The defense strenuously, but unsuccessfully, objected to being placed in the dilemma of foregoing cross-examination or suffering the risk of disclosing defendant's past record. The reviewing court agreed; it said:

> [The parole officer's] testimony was offered solely as that of a lay witness whose close familiarity with Calhoun . . . enabled him to make an ordinary identification of Calhoun.   * * *
>
> Rule 701 * * * governs opinion testimony by lay witnesses:
>
>> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.
>
> *   *   *   *   *   *

However, the main defect in permitting Snyder [the parole officer] to testify was that his broad assertion could not be tempered or probed by cross-examination. The defendant could not explore the possible motives his parole officer might harbor in positively identifying him as the robber. See *United States v. Garrett,* 542 F.2d 23 (6th Cir. 1976). The defendant could not freely examine the relationship with Snyder on which Snyder's perception was founded. The natural antidote to an abuse of the expanded rule of evidence was frustrated.

*   *   *   *   *   *

We find fortification for our construction of Rule 701 in the provisions of Rule 403 * * *:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Advisory Committee's Note to Rule 403 observes that:

> Exclusion of risk of unfair prejudice, confusion of issues, misleading the jury, or waste of time, all find ample support in the authorities. 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.

We conclude that the employment of the parole officer's testimony, though perhaps otherwise relevant, should have been excluded because its probative value is substantially outweighed by the danger of unfair prejudice as defined by Rule 403.   * * *

The *Calhoun* court was unimpressed with the Government's contention that defendant had not been denied the right to cross-examine but, rather, had rejected it. It responded:

> This in effect is an argument that Calhoun waived his right to cross examination.
>
> * * * There is a presumption against the waiver of constitutional rights, see, e.g., *Glasser v. United States,* 315 U.S. 60, 70–71, 62 S.Ct. 457, 464–465, 86 L.Ed. 680, and for a waiver to be effective it must be clearly established that there was 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst,* 304

U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461.

*Brookhart v. Janis*, 384 U.S. 1, 4, 86 S.Ct. 1245, 1247, 16 L.Ed.2d 314.

We find it difficult to imply a voluntary waiver by Calhoun where the constitutional pursuit of cross examination would introduce testimony which if procured by the government would constitute reversible error. Waiver cannot exist where the choice given is not real, and amounts to a choice "between the rock and the whirlpool," *Garrity v. New Jersey*, 385 U.S. 493, 498, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). * * *

While we need not determine whether the procedure used here was sufficiently coercive to amount to a deprivation of Calhoun's constitutional right to confront witnesses, it clearly appears that his right and interest in uninhibited choice was sufficiently substantial and the impact of the testimony was of sufficient import to preclude our finding that the court's ruling was harmless error. Fairness and simple justice need not always be measured by a constitutional yardstick. It is enough here, we believe, to hold that the court's failure to exclude Snyder's testimony was an abuse of its discretion and that it affected the substantial rights of Calhoun at the trial. 544 F.2d at 296–97. We agree with the reasoning in *Calhoun, supra.*

*State v. Ewing*, 97 N.M. 235, 638 P.2d 1080 (1982), relied on by the State, is not similar to the posture of this case. There, it was held that the court exercised its discretion properly in *excluding* cross-examination testimony more prejudicial than probative. Here, the very source of the direct testimony created prejudice; this defendant was effectively prevented from exploring the possible motives of the probation officer in reaching his negative opinion of defendant's credibility. Nor is there anything in *State v. Wyman*, 96 N.M. 558, 632 P.2d 1196 (Ct.App.1981), to require a different analysis. *Wyman* discussed N.M.R.Evid. 608(b), which refers to cross-examination on the past criminal conduct of the *witness* then being examined. We are concerned in this case, with the unnecessary but implicit exposure of *defendant's* past juvenile record as a result of the State's choice of witness, and the resulting lack of choice to defendant to cross-examine.

This cause is reversed and remanded for a new trial.

DONNELLY and NEAL, JJ., concur.