714 P.2d 588

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Clinton CHAMBERS,
Defendant-Appellant.**

No. 8537.

Court of Appeals of New Mexico.

Jan. 21, 1986.

Paul G. Bardacke, Atty. Gen., Alicia Mason, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, Wendy York, Asst. Public Defender, Santa Fe, for defendant-appellant.

## OPINION

GARCIA, Judge.

Defendant was convicted of trafficking in a controlled substance, Meperidine (Demerol) in violation of NMSA 1978, Section 30–31–20 (Repl.Pamp.1980). He filed a timely appeal from this conviction. The issues raised by defendant on appeal relate to the disclosure of the identity of the confidential informant under NMSA 1978, Evid. Rule 510 (Repl.Pamp.1983). Defendant asserts that the trial court erred in failing to conduct an in camera hearing on the necessity of disclosure at the pretrial stage of the proceeding. Alternatively, defendant argues that because the identity of the informant was known to defendant, Evid. Rule 510 did not operate to protect the informant's identity, and thus, the court's refusal to allow defendant to cross-examine witnesses on the nature of the informant's relationship to the police amounted to prejudicial error. Defendant also asserts that the trial court erred in refusing to give his requested entrapment instruction, NMSA 1978, UJI Crim. 41.35 (Repl.Pamp.1982), and further, in allowing the state to present evidence of defendant's prior felony conviction.

Upon review of the docketing statement, we proposed summary reversal on the grounds that the informant privilege had been voluntarily waived and that the court erred in denying disclosure. The state filed a memorandum in opposition, and accordingly, the case was reassigned to the limited calendar.

Defendant did not brief one issue previously listed in his docketing statement; instead he sought to add alternative issues (cumulative error and ineffective assistance of counsel). Issues not briefed are deemed waived. *State v. Gardner*, 103 N.M. 320, 706 P.2d 862 (Ct.App.), *cert. denied*, 103 N.M. 287, 705 P.2d 1138 (1985). We find no merit in defendant's request to add additional issues and deny the request. Accordingly, the issues presented for the court's determination are: (1) whether the trial court erred in its refusal to order disclosure under Evid. Rule 510(c)(2) or in its ruling that Evid. Rule 510 prevented defendant's inquiry into the confidential informant's bias and the nature of the relationship between the state and the informant; (2) whether the trial court erred in denying defendant's requested instruction on entrapment, UJI Crim. 41.35.

## FACTS

K.C. Rogers, an undercover narcotics agent, was told by a confidential informant that defendant had 100 milligrams of Demerol tablets to sell. The informant took Rogers to defendant's home and introduced him to defendant and to Helen Jackson, a friend of both defendant and the informant. Shortly after arriving at defendant's residence, there was a brief discussion between Rogers and defendant concerning drugs. Helen Jackson and defendant went to another room and returned. Ms. Jackson produced a vial of pills, removed two and gave them to defendant, who then handed them to Rogers. In turn, Rogers gave $30.00 to the confidential informant who handed it to defendant. The pills given Rogers were Meperidine, a controlled substance.

At trial, Rogers testified that he had been taken to the residence by the female confidential informant. Helen Jackson, the other woman present at defendant's home, testified that Rogers had been accompanied by a woman named May Parker. May Parker was also identified by defendant as

the woman who accompanied Rogers to his residence.

Defendant called May Parker as a witness. While the court did not allow defendant to ask if Parker was the confidential informant, or allow defendant to inquire into the nature of her arrangement with the police, Parker nevertheless confirmed that she had accompanied Rogers to defendant's house. Defendant testified that Helen Jackson and May Parker had been together earlier in the day. He testified that Helen had 100 milligrams of Demerol she wanted to sell to supplement funds for a mortgage payment. He said the pills belonged to Helen and that the money was paid to her. Defendant also testified that later on, Rogers came back and tried to buy drugs from defendant, and defendant did not sell any, even though he had Demerol which was obtained through a legitimate prescription. Helen Jackson professed to having no memory of the events and could not, or would not, provide any information.

## THE CONFIDENTIAL INFORMANT PRIVILEGE AND THE PRETRIAL MOTION TO DISCLOSE

Defendant argued in a pretrial motion that the circumstances of the case triggered the disclosure requirements of Evid. Rule 510. On appeal defendant argues that the trial court erred in its refusal to conduct an in camera hearing to determine if disclosure was required under Evid. Rule 510. The state argues that defendant did not make a showing sufficient to require the trial court to hold an in camera hearing on the issue of disclosure.

Because we find that Evid. Rule 510 is inapplicable to the facts in this case, we decline to reach the issue of the necessity for an in camera hearing under that rule. We discuss: the misapplication of Evid. Rule 510; the trial court's refusal to allow defendant's cross-examination of May Parker.

## VOLUNTARY DISCLOSURE AND THE SIXTH AMENDMENT CLAIM

Defendant focuses his complaint on the trial court's refusal to disclose the informant's identity. The gist of defendant's argument, however, does not go to the question of identity, because it was obviously known to defendant. While the state never expressly admitted that May Parker was the confidential informant, this was the logical and inescapable conclusion drawn from the evidence. Defendant asserts, as he asserted repeatedly at trial, that the Evid. Rule 510 privilege is inapplicable to a situation where the identity of the informant is known to defendant. Defendant's real claim of error is predicated on a denial of the sixth amendment right to confrontation. Defendant contends the trial court's refusal to allow defense counsel to question the confidential informant on her relationship with the police effectively foreclosed defendant's presentation of his entrapment defense.

Evid. Rule 510(c)(1) provides:

**Voluntary disclosure; informer a witness.** No privilege exists under this rule if the identity of the informer or his interest in the subject matter of his communication has been disclosed to those who would have cause to resent the communication by a holder of the privilege or by the informer's own action, or if the informer appears as a witness for the state.

■ Defendant contends that May Parker herself disclosed her identity as an informant by her own actions. At a bench conference just prior to trial, the trial court ruled that defendant might call the confidential informant as a witness as long as her identity as the confidential informant was not disclosed. The state responded to defendant's assertion that Ms. Parker had given herself up to be disclosed by her presence at the transaction, by asserting that the privilege belonged to the state and that Ms. Parker could not give it up. The state's argument is clearly incorrect considering the plain wording of the rule. *See Westinghouse Electric Corp. v. City of Burlington, Vermont,* 351 F.2d 762 (D.C. Cir.1965).

■ The state argues that even if the identity of the informant can be "inferred," absent a direct disclosure, Evid. Rule 510 prevents inquiry into the identity of the confidential informant. The Advisory Committee's Note to Standard 510, (identical to our Evid. Rule 510), states: "Disclosure may be direct, or the same practical effect may result from action revealing the informant's interest in the subject matter." 2 *Weinsteins Evidence*, at 510–4 (1985). Thus, whether Parker's action waived the privilege or whether the privilege never applied because defendant always knew the identity of the confidential informant, Evid. Rule 510 was not a ground for the trial court's denial of defendant's right to cross-examine Parker as to her relationship with the police. *See Dowd v. Calabrese*, 101 F.R.D. 427 (D.C.Cir.1984). No Evid. Rule 510 privilege existed going into trial.

At trial the undercover narcotics agent testified that Parker was instrumental in setting up the drug transaction; that beside the confidential informant, "another female" was at defendant's home; that Parker directed the agent to defendant and told the agent that defendant possessed 100 milligrams of Demerol. When defense counsel attempted to cross-examine the agent as to the deal Parker had with the police, the state objected to the relevancy of the question. At the bench conference immediately thereafter, the state argued that because there had been no disclosure, the confidential informant's relationship with the police was irrelevant. Defense counsel asserted that the informant's identity was not a secret and that his case required him to bring out the informant's relationship with the police. The judge ruled that the relationship was not yet relevant, but that if the informant testified, it might become relevant. Agent Rogers further admitted on cross-examination that he did not know if the Demerol was Helen Jackson's. He also testified that Jackson cooperated with defendant in selling the Demerol. Finally, when questioned about why he did not further investigate Helen Jackson, Rogers admitted, "However the

more you've talked, the more I see there is probably a good case on the other person."

Defendant contends that the confidential informant's deal with the police was relevant to his defense of entrapment and to the credibility and bias of May Parker. During defense counsel's direct examination of Parker, Parker testified that she went to defendant's house with Rogers; that she did not know who the pills belonged to; that Helen handed defendant some pills to sell to Rogers; that Rogers asked for pills; that Helen was a close friend of defendant; and that Helen and defendant had both been to her (Parker's) house earlier that day. Helen Jackson had no memory of the day in question and defendant testified that he had not been at Parker's house.

■ Testimony concerning bias and credibility is always relevant. *State v. Santillanes*, 86 N.M. 627, 526 P.2d 424 (Ct.App.1974); *see also State v. Hermosillo*, 88 N.M. 424, 540 P.2d 1313 (Ct.App. 1975). Defendant was precluded from examining Ms. Parker on these issues. The court recognized that Parker was an adverse witness and allowed defense counsel to use leading questions in his direct examination. This is tantamount to cross-examination. The real issue presented to this court is whether the trial court's limitation on counsel's right of examination infringed on defendant's right of confrontation. While the admission or exclusion of evidence is largely left to the discretion of the trial court, where the court exercises its discretion on "untenable grounds," the exclusion constitutes an abuse of discretion. *Weiland v. Vigil*, 90 N.M. 148, 560 P.2d 939 (Ct.App.1977). Defendant must demonstrate prejudice to a substantial right in order for a denial of cross-examination to amount to reversible error. *State v. Worley*, 100 N.M. 720, 676 P.2d 247 (1984). For error to be prejudicial, the improperly refused evidence must form an important part of defendant's case. *Id.* at 725, 676 P.2d 247. To warrant reversible error in denial of admission of testimony, a defendant must show that there is a reasonable

probability that the trial court's failure to allow the answers to the questions propounded contributed to defendant's conviction. *State v. Garcia*, 100 N.M. 120, 666 P.2d 1267 (Ct.App.1983).

■ After the court's refusal to allow defendant to examine Parker on her arrangement and relationship with the police, counsel, at the court's direction, made an oral tender as to the evidence he would present. Counsel stated that he would show that the nature of Parker's deal with the police made it necessary for her to deliver people to be "busted." He also stated he would show that Jackson and Parker set defendant up. This offer of proof made known the substance of the evidence defendant wished to elicit. *See State ex rel. Nichols v. Safeco Insurance Co. of America*, 100 N.M. 440, 671 P.2d 1151 (Ct.App.1983). Without a question-and-answer tender, we are left to speculate whether Ms. Parker would or would not have confirmed counsel's assertions, and whether Ms. Parker could have bolstered defendant's entrapment theory. We must assume that defense counsel could have shown what he offered to show in his oral tender.

The trial court based its refusal to allow cross-examination of Rogers and Parker on the confidential informant privilege, a privilege which we conclude did not apply in this case. Defendant's entire case revolved around the issue of entrapment by Parker and possibly Jackson. The denial of the requested cross-examination effectively prevented defendant from exploring Ms. Parker's motives and from presenting his entrapment defense. *See Mascarenas v. State*, 80 N.M. 537, 458 P.2d 789 (1969); *State v. Lovato*, 91 N.M. 712, 580 P.2d 138 (Ct.App.1978); *State v. Curtis*, 87 N.M. 128, 529 P.2d 1249 (Ct.App.1974).

■ The state asserts that defendant did not dispute the drug sale and, thus, the denial of cross-examination was harmless error. There are two problems with this contention: first, defendant did deny that *he* sold drugs; second, even if defendant's testimony is read as an admission of guilt, the admission is an essential element of an entrapment defense. *State v. Wright*, 84 N.M. 3, 498 P.2d 695 (Ct.App.1972). Under these circumstances, the trial court's denial of cross-examination was an abuse of discretion amounting to prejudicial error. *Cf. State v. Guess*, 98 N.M. 438, 649 P.2d 506 (Ct.App.1982).

It is the denial of cross-examination that lies at the heart of this case. Whatever the error may have been in not conducting an in camera hearing at the pretrial stage, the fact is that the confidential informant was known to defendant; she did testify as a witness for the defense. The error we perceive was the trial court's ruling that Evid. Rule 510 applied to this case at all and its consequent denial of cross-examination. This ruling handicapped defendant's presentation of his case and denied him a right guaranteed by the federal and state constitutions. *See State v. Baldizan*, 99 N.M. 106, 654 P.2d 559 (Ct.App.1982). Accordingly, we reverse defendant's conviction and remand for a new trial.

**THE ENTRAPMENT INSTRUCTION**

The trial court's refusal to give the entrapment instruction cannot be separated from its refusal to allow defendant to present an entrapment defense. Because we resolve this case on the issue of the applicability of the Evid. Rule 510 privilege and the violation of defendant's right to confront the witnesses against him, we need not further consider the issue of the entrapment instruction.

DONNELLY, C.J., and BIVINS, J., concur.