170 P.3d 530 (2007)
2007-NMCA-143
STATE of New Mexico, Plaintiff-Appellant,
v.
Isaac BELANGER, Defendant-Appellee.
No. 26,771.
Court of Appeals of New Mexico.
August 27, 2007.
Certiorari Granted October 29, 2007.
Gary K. King, Attorney General, Santa Fe, NM, M. Anne Kelly, Assistant Attorney General, Albuquerque, NM, for Appellant.
John Bigelow, Chief Public Defender, Jason C. Gordon, Assistant Appellate Defender, Santa Fe, NM, for Appellee.
Certiorari Granted, No. 30,654, October 29, 2007.

OPINION
VIGIL, Judge.
{1} Defendant was indicted on one count of criminal sexual penetration of a minor (CSPM), two counts of attempted CSPM, one count of kidnaping, three counts of battery, and two counts of bribery of a witness. In the course of pretrial proceedings, Defendant sought to interview a juvenile who had allegedly perpetrated a prior sexual assault against one of the victims involved in this case. In light of the juvenile's stated intention to assert his Fifth Amendment privilege against self-incrimination, Defendant requested an award of immunity. When the prosecutor declined to seek such an award, the district court dismissed the indictment with prejudice. We reverse and remand for further proceedings.
*531 BACKGROUND
{2} The indictment against Defendant involved two alleged victims, S.S. and K.B. Defendant obtained information suggesting that S.S. might have made a false allegation against a third party (the juvenile) on a prior occasion. Defendant therefore sought a copy of the police report associated with the prior incident, as well as an interview with the juvenile, for the purpose of developing an avenue of attack upon S.S.'s credibility. Defendant met with opposition from the juvenile's attorney, who declined to produce the police report and who counseled his client to assert his Fifth Amendment privilege against self-incrimination. Defendant therefore filed two motions with the district court, seeking to compel the juvenile's attorney to produce the police report and requesting that the juvenile be granted immunity so that he might be freely interviewed. In response, the prosecutor repeatedly resisted Defendant's requests for immunity.
{3} The district court concluded that the juvenile's Fifth Amendment privilege conflicted with Defendant's Sixth and Fourteenth Amendment rights to confrontation and due process. In light of this conflict, the district court dismissed the case. This appeal followed. See generally NMSA 1978, § 39-3-3(B)(1) (1972); State v. Armijo, 118 N.M. 802, 805, 887 P.2d 1269, 1272 (Ct.App. 1994) (holding that the State may appeal any order dismissing one or more counts of a complaint, indictment, or information, regardless of whether the dismissal is with prejudice).
STANDARD OF REVIEW
{4} As described at greater length below, the propriety of the district court's order is a legal question which turns upon the interpretation and application of constitutional provisions, court rules, and established case law. We therefore apply de novo review. See generally State v. Heinsen, 2004-NMCA-110, ¶ 9, 136 N.M. 295, 97 P.3d 627 ("We review the application and interpretation of constitutional provisions, statutes, and court rules de novo[.]"), aff'd, 2005-NMSC-035, ¶ 1, 138 N.M. 441, 121 P.3d 1040.
DISCUSSION
{5} For purposes of this opinion we do not address whether the Fifth Amendment privilege applies to the police report and any answers to questions that might have been asked of the juvenile. We assume without deciding that the Fifth Amendment applies, and our holding in this case does not prevent the district court from reconsidering this issue on remand.
{6} We will begin our analysis with a brief, general discussion of the law concerning witness immunity. There is no constitutional provision or statute in this state which allows either the defense or the courts to confer immunity upon defense witnesses. State v. Baca, 1997-NMSC-045, ¶ 37, 124 N.M. 55, 946 P.2d 1066; State v. Cheadle, 101 N.M. 282, 286, 681 P.2d 708, 712 (1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1930, 80 L.Ed.2d 475 (1984). The inherent power of the judiciary has been circumscribed by rule, such that immunity may only be conferred upon written application by the prosecution. See Rule 5-116(A) NMRA; State v. Brown, 1998-NMSC-037, ¶¶ 63-64, 126 N.M. 338, 969 P.2d 313; Baca, 1997-NMSC-045, ¶ 37 ("[A] trial court has no power to confer immunity absent a written application from the State."). The award of immunity is therefore within the control of the prosecution, with a narrow exception for cases in which prosecutorial misconduct is clearly demonstrated. See id. ¶ 39 ("[B]arring a clear showing of prosecutorial misconduct, use-immunity can only be sought by the prosecution."); State v. Crislip, 110 N.M. 412, 415, 796 P.2d 1108, 1111 (Ct.App.1990) ("The grant of immunity to a witness is, absent prosecutorial misconduct in deliberately intending to disrupt the fact-finding process, within the sole control of the prosecution."), overruled on other grounds by Santillanes v. State, 115 N.M. 215, 225 n. 7, 849 P.2d 358, 368 n. 7 (1993). Absent a showing of prosecutorial misconduct, the "courts have no power to independently fashion witness use immunity under the guise of due process." State v. Sanchez, 98 N.M. 428, 432-33, 649 P.2d 496, 500-01 (Ct.App.1982).
{7} The district court was clearly apprised of the foregoing principles of law, and *532 it applied those principles to the extent that it made no effort to confer immunity upon the juvenile. Nevertheless, the apparent conflict between Defendant's constitutional rights to compulsory process and due process on the one hand, and the juvenile's constitutional privilege against self-incrimination on the other, presented a dilemma which the district court was required to resolve. In an attempt to safeguard the rights of both Defendant and the juvenile, the district court elected to dismiss the indictment. Although the stated goal was laudable, see generally State v. Curtis, 87 N.M. 128, 129, 529 P.2d 1249, 1250 (Ct.App.1974) ("The proper remedy, when two rights of equal standing are involved, is to resolve the issue in favor of both rights."), the district court's ruling comes into direct conflict with binding precedent.
{8} The analysis is largely controlled by the decision rendered in Sanchez. In that case, the defendant sought to present the exculpatory testimony of a witness who invoked his Fifth Amendment privilege. 98 N.M. at 431, 649 P.2d at 499. The defendant then sought an award of immunity, which the trial court denied on grounds that it lacked authority to provide such relief. Id. On appeal, the defendant took the position that the trial court should have ordered the prosecution to provide immunity, or suffer dismissal of the charges. Id. at 434, 649 P.2d at 502. This argument was soundly rejected. Id. at 434-35, 649 P.2d at 502-03. Against the backdrop of the prosecution's authority over witness immunity, the Sanchez court explained:
A defendant has no [S]ixth [A]mendment right to demand that any witness he chooses be immunized, and the prosecution's refusal to grant immunity to a defense witness who would allegedly offer exculpatory testimony to a defendant does not amount to a denial of due process or violation of [the defendant's] [S]ixth [A]mendment rights.
Id. at 434, 649 P.2d at 502. The Sanchez court therefore concluded that where a defendant's Sixth and Fourteenth Amendment rights to compulsory process and due process collide with a witness' Fifth Amendment privilege against self-incrimination, "the latter must prevail." Id. at 435, 649 P.2d at 503 (internal quotation marks omitted).
{9} In light of the principles articulated in Sanchez, we conclude that the district court erred in dismissing the indictment. To the extent that a conflict between the constitutional rights of Defendant and of the juvenile exists, that conflict must be resolved in favor of the juvenile's assertion of his Fifth Amendment privilege. Id. at 435, 649 P.2d at 503. The district court lacks authority to fashion an alternative remedy, in the form of dismissal or otherwise, absent a showing of prosecutorial misconduct. Id. Because Defendant failed to demonstrate prosecutorial misconduct below, and because he advances no further argument on this subject on appeal, we can only conclude that reversal is in order.
{10} In his appellate brief, Defendant invites this Court to reconsider Sanchez. Specifically, Defendant urges this Court to adopt an approach whereby the State may be compelled to seek immunity for a defense witness, on pain of dismissal, if the State lacks any demonstrable interest in withholding immunity. Such an approach has found favor in other jurisdictions. See, e.g., Gov't of the Virgin Islands v. Smith, 615 F.2d 964, 966 (3d Cir.1980). However, it has been specifically and repeatedly rejected by the New Mexico Supreme Court. See Baca, 1997-NMSC-045, ¶¶ 38-39; Cheadle, 101 N.M. at 287, 681 P.2d at 713. We are not at liberty to second-guess this determination. See generally State v. Duarte, 2004-NMCA-117, ¶ 11, 136 N.M. 404, 98 P.3d 1054 (observing that this Court is limited in its ability to reconsider precedent of the New Mexico Supreme Court). Although Defendant contends that the relative lack of prosecutorial interest in denying immunity renders this case unique, we are unpersuaded. Even if we were to assume that the State lacks any genuine interest in pursuing additional charges against the juvenile, none of our published authorities suggest that this state of affairs would support divergence from the New Mexico Supreme Court's clearly stated position on this issue. We therefore reject Defendant's invitation to fashion a new exception *533 to the general rule of prosecutorial discretion in relation to the award of immunity.
CONCLUSION
{11} For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.
{12} IT IS SO ORDERED.
WE CONCUR: CYNTHIA A. FRY and CELIA FOY CASTILLO, Judges.